Childers v. Lahann, 18 N. M. 487

---

[No. 1612, January 10, 1914.]
CARRIE M. CHILDERS, Individually and as Executrix of the Estate of William B. Childers, Appellant, v. ADOLPH J. LAHANN, Appellee.

### SYLLABUS (BY THE COURT)

1. An appearance, in practice, is a coming into court as a party to a suit, whether as plaintiff or defendant, and is a formal proceeding by which a defendant submits himself to the jurisdiction of the court.

P. 490

2. The question as to whether a party has appeared and submitted himself voluntarily to the jurisdiction of the court should be tried by the record and not by other evidence.

P. 491

3. When a party takes an appeal in open court he must see that the record affirmatively shows that it was taken in open court, and where the record is silent upon the question the presumption is that the appeal was not so taken, and in such case it is incumbent upon the appellant to cause citation to be issued and served upon appellee.

P. 491

4. Where good cause is shown for the failure to cause citation to be issued and served upon appellee as, and within the time, required by statute, the appellate court can extend the time for serving the citation and will permit a citation to be issued and served at any time before the end of the term of the appellate court to which the appeal was properly returnable.

P. 493

Appeal from the District Court of Lincoln County; Edward L. Medler, District Judge; motion to dismiss appeal denied.

E. W. DOBSON, Albuquerque, N. M., for appellant.

JOHN Y. HEWITT, White Oaks, and E. C. WADE, JR., Santa Fe, N. M., for appellee.

No briefs.

## OPINION OF THE COURT.

ROBERTS, C. J.—The order granting an appeal in this case was signed by the District Judge on the 16th day of June, 1913. No extension of time to perfect the appeal was asked for or granted, hence the return day was 130 days thereafter (sec. 2, chap. 120, S. L. 1909.) The transcript of the record and assignments of error were filed in due season, but citation was not issued and served upon the appellee as required by sec. 2, chap. 57, S. L. 1907. Because of appellant's failure so to do, appellee, by special appearance, moves the dismissal of the appeal. Sec. 2, chap .57, supra, in so far as material, reads as follows:—

"When an appeal is taken, unless the same is taken in open court, which fact shall be shown by the record, citation shall be issued by the clerk of the District Court directed to and citing the opposite party to appear in the Supreme Court and answer such appeal on the return day thereof."

The section further provides how such citation shall be served.

Appellant admits that no citation was issued or served upon appellee; that the return day was October 25, 1913. But she resists the motion to dismiss the appeal, on the ground that appellee has entered a general appearance in the case in this Court. The issuance and service of citation is waived by the voluntary appearance of the appellee or defendant in error. Daily v. Foster, 128 Pac. 71. The claim of appellant is not based upon any formal entry, plea, motion, or act of the appellee shown by the records of this Court, but is founded solely upon a letter received by her attorney from one of appellee's attorneys, and the reply of her said attorney thereto. The letters are as follows:

"El Paso, Texas, Nov. 2, 1913.

"E. W. Dobson,

"Albuquerque, N. M.

"Dear Mr. Dobson:

"Your letter of the 28th ult. was forwarded to me here, and I wish to thank you for the offer to extend courtesies in case of Childers v. Lahann.

"If it is not asking too much, I would like to have the case continued to the January Term, when I hope to be able to attend to it. I am here under treatment and improving slowly, but am unfit for work. By extending the time for hearing of the case as indicated, you will greatly oblige. Mr. Hudspeth will sign a stipulation if one is necessary.            "Yours truly,

"John Y. Hewitt."

To which appellant's attorney replied as follows:—

"John Y. Hewitt,

"El Paso, Texas,

"My Dear Judge:—

"Yours of the 2nd inst, received. I told Mr. Hudspeth that I would grant any reasonable time for you to file briefs in the case of Childers v. Lahann and so far as I am concerned the case can be taken up at the January term. After your reply brief is filed it may be that I will

want to answer the same, although at the present time I think I have covered all points that I could.

"I will sign any stipulation that you or Mr. Hudspeth may desire, although this letter is sufficient and I assure you no advantage will be taken and you will be granted the time that you desire.          "Yours truly,

                                        "E. W. Dobson."

No application for a continuance was made to the Court by appellee, and no entry of any kind was made by the Court in the case in this regard.   On November 26, the motion to dismiss was filed.

The solution of the question depends upon the effect of the letters quoted, for, if they constituted an appearance by appellee in this Court, the motion to dismiss is not well taken.

Bouvier's Law Dictionary defines appearance, in practice, as follows:—

"A coming into court as a party to a suit, whether as plaintiff or defendant.

"The formal proceeding by which a defendant submits himself to the jurisdiction of the court."

It could hardly be contended that the letters which passed between the attorneys would constitute an appearance, within the definition of the term above quoted.

**1**   There was no "coming into court," for no action by the court was asked by appellee.   No paper, motion or pleading of any kind was filed by appellee, nor was any relief asked of the Court.   Had appellee applied to the Court for a continuance, such act would have constituted an appearance and the Court would have jurisdiction over his person.   And the question, as to whether a party has appeared and submitted himself voluntarily to the jurisdiction of the court, should be tried by the record and not by other evidence.   Were this not true the door might be opened to fraud and imposition.   As to the acts necessary to constitute an appearance and how established, the Supreme Court of Indiana say:—

"To constitute an appearance so as to give jurisdiction over the person of a defendant in this State, there must be some formal entry, plea, motion, or act, or word spoken

in said cause in court which should be shown by the record." Kirkpatrick, etc., Co. v. Central Electric Co., 159 Ind. 639.

In the case of Scott, et al., v. Hull, et al., 14 Ind. 136, the defendants sought to remove the cause to the Federal Court, and the question arose as to whether they had not voluntarily appeared in the case in the State Court, by appearing before an officer upon the taking of depositions by plaintiffs, and also by defendants taking depositions, to be used upon the trial of said cause. The Court say :—

"By bill of exceptions, it appears that these facts were established by evidence other than the record, * * * * * There should be some formal entry, or plea, or motion, or official act (3 Blackf. 226) to constitute an appearance; and this should be of record, and tried by the record. 6 Com. Dig. 8; Kanouse v. Martin, 15 How. (U. S.) 198."

The Supreme Court of West Virginia, in the case of Groves v. County Court, 42 W. Va. 587, say:

"Appearance is the first act of the defendant in court (1 Tidd, Prac. 262; 6 Com. Dig. tit. 'Pleader,' B 1, p. 6) and the appearance of the defendant is triable by the record which is a verity (1 Co. Litt. 260; 1 Chit. Pl. 512.)" See also Colby v. Knapp, 13 N. H. 175.

In vol. 2, Standard Ency. Proc. 491, the rule is stated as follows:

"There should be some formal entry of record, 'or plea, motion, or official act, to constitute an appearance,' and this should be tried by the record and not by other evidence."

In this case, the fact that the court would be required to resort to evidence outside of the record, in order to ascertain that appellee had appeared, renders appellant's contention untenable.

Appellant contends, however, that as the record in this case does not show affirmatively that the appeal was not taken in open court, the Court will not presume such fact, unless it is made to appear by evidence or sworn statement. When an appeal is taken in open court, the fact must be shown by the record, and when the record fails to so show, citation should issue and service

be had on the appellee prior to the return day. (Sec. 2, chap. 57, S. L. 1907.) Appellant does not contend that the appeal was in fact taken in open court, but only that the record does not show that it was not so taken. Where a party takes an appeal in open court, it is incumbent upon him to see that the record affirmatively shows that it was taken in open court, and where the record is silent upon the question, the presumption is, that the appeal was not so taken.

Appellant asks, in the event the Court should hold that appellee has not entered a general appearance herein, that he be permitted to have citation issued and served. While under the statute, (sec. 20, chap. 57, S. L. 1907, as amended by sec. 1, chap. 120, S. L. 1909), all appeals, writs of error, bonds, summons, citations and other process, in the Supreme Court are returnable one hundred and thirty days after the appeal is taken, or such writs are issued, the Territorial Supreme Court, in construing similar language used, in sec. 2, chap. 114, S. L. 1905, held that the Supreme Court could extend the time for serving the citation, and could permit a citation to be issued and served at any time before the end of the next ensuing term. Baca v. Anaya, 14 N. M. 20.

"In the interpretation of reenacted statutes the Court will follow the construction which they received when previously in force. The legislature will be presumed to know the effect which such statutes originally had, and by re-enactment to intend that they should again have the same effect. * * * * * It is not necessary that a statute should be re-enacted in identical words in order that the rule may apply. It is sufficient if it is re-enacted in substantially the same words." Lewis Sutherland Statutory Construction, (2d ed.) sec. 403, and authorities cited.

The "next ensuing term" was defined by the Territorial Supreme Court, in the case of Paden, et al., v. Placer Co., 15 N. M. 345, to be "the term of the Appellate Court to which it was properly returnable." The Court say, "But no case has been called to our attention in which it has been permitted later than that or unless for good cause shown."

Following the construction given the statute by the Territorial Supreme Court, we conclude that it is within the power of this Court to permit appellant to procure citation to be issued by the clerk of the District Court of Lincoln County, returnable 130 days after its issuance, to be served upon appellee as required by law, if good cause has been shown for the failure to issue and serve the same. The question, therefore, remains as to whether appellant has shown such "good cause" as will excuse the default. The reason stated for the failure to have citation issued and served, briefly summarized, are as follows:

After the appeal was taken, appellant's attorneys had a great deal of correspondence with appellee's attorneys with reference to locating the papers and testimony which were lost. Said attorneys agreed to and did stipulate in writing as shown by the record, that certain exhibits need not be copied in full in the record, but that abstracts of the same, which were set forth in the stipulation, could be incorporated into the record to be "used upon appeal;" that appellant's attorney applied to appellee's attorneys for an extension of time within which to file his brief, which was granted, but no written stipulation was entered into in this regard; that frequent conversations were had between said attorneys concerning said appeal; that by reason of the above appellant's attorney was led to believe that appellee's attorneys had waived citation and intended voluntarily to appear in this Court, in said cause.

In addition to the above the record of this cause, in this Court, discloses that appellant has acted in the utmost good faith in prosecuting her appeal. Within the time limited by statute she filed with the clerk a printed transcript of the record; filed her assignment of errors and served a copy thereof on appellee's attorneys and likewise filed and served printed copies of her brief. The Court has jurisdiction of the cause, but not of the appellee, because of the failure to serve citation. All that remains to give the Court jurisdiction over both the cause and the parties, is the issuance and service of citation. We are of the opinion that the above facts, all of which are admitted,

McMillen v. Bank, 18 N. M. 494.

furnish good cause for a denial of the motion to dismiss the appeal, and warrant the Court in permitting appellant to sue out and serve citation on appellee. The Court is always reluctant to dispose of any cause except upon the merits of the questions involved, unless required to do so by plain and explicit provisions of the statute, rule of court, or established procedure.

For the reasons stated, the motion to dismiss the appeal will be denied, at this time, and appellant will be given the right to sue out and serve citation, and it is so ordered.