(No. 2884. Jan. 21, 1925.)

NOBLE v. McKINLEY LAND & LUMBER CO.

### SYLLABUS BY THE COURT

1. A general appearance waives issuance and service of citation on appeal.

2. The signing of a consent that an order be entered extending the time for the filing of appellant's brief, which consent is entitled in the court and cause, and filed in the appellate court, constitutes a "general appearance", and waives citation.

3. In an instrument entitled in the court and cause, and filed in the appellate court, consenting that an order be entered extending the time for the filing of appellant's brief, the reservation of "the right to raise and present any question touching the failure of the appellant to appeal this cause within the time and in the manner provided by law" does not include the right to object to failure of issuance or service of citation.

Appeal from District Court, McKinley County; Holloman, Judge.

Action by W. S. Noble against the McKinley Land & Lumber Company. From judgment for plaintiff, defendant appeals. On motion to dismiss appeal. Motion denied.

E. W. Dobson, of Albuquerque, for appellant.

A. T. Hannett, of Gallup, for appellee.

### OPINION OF THE COURT

WATSON, J. This cause is before us on motion to dismiss the appeal. The appeal was not taken in open court, but allowed on ex parte application; the effective date of the allowance, whether June 6, 1923, or July 13, 1923, being in question. In view of the conclusion reached, the date is not important.

Up to the filing of this motion on November 15, 1923, no citation had been issued or served. Upon this the motion is based.

Appellant concedes that, standing alone, the facts above stated would require dismissal of the appeal under the decisions of this court, but contends that other facts constitute a waiver on the part of the appellee of the issuance and service of citation.

[2] On or about September 17 counsel for appellant applied to A. T. Hannett, Esq., appellee's counsel in the court below, for an extension of time within which to file appellant's brief, and thereupon Mr. Hannett signed and returned to the appellant the following instrument:

"In the Supreme Court of the State of New Mexico.
"W. S. Noble, Appellee, v. McKinley Land & Lumber Company, a Corporation.   No. 2884.

'The undersigned atorney for appellee in the above cause hereby consents that an order be made by the Supreme Court of the state of New Mexico, extending the time for appellant to file brief in the above cause, until the 1st day of November, 1923.   The appellee does not waive the right to raise and present any question touching the failure of the appellant to appeal this cause within the time and in the manner provided by law by entering into this stipulation.
"(Signed)                          A. T. Hannett,
                              "Attorney for the Appellee."

—which instrument was attached to appellant's application to the court for such extension of time, which was filed in this court on October 1, 1923, bearing approval of the Chief Justice.

[1] Appellant contends that the instrument set forth constitutes a general appearance on the part of the appellee, and, further, that it constitutes conclusive proof of notice and knowledge of the appeal pending, and hence performs the function of a citation.   That a general appearance waives citation has been decided a number of times by this court.   Dailey v. Foster, 17 N. M. 377, 128 P. 71; Childers v. Lahann, 18 N. M. 487, 138 P. 202.

In Dailey v. Foster, supra, citing 3 Cyc. 504, it was said:

"Any action upon the part of the defendant, except to object to the jurisdiction, which recognizes the case as in court, will amount to a general appearance."

In State ex rel. v. Huller, 23 N. M. 306-330, 168 P. 528, 1 A. L. R. 170, the same rule is announced, as, also, in Crowell v. Kopp, 26 N. M. 146, 189 P. 652.

[3] There can be no question that the instrument above set forth constitutes a recognition of the appeal, and hence was a general appearance on the part of the appellee.   It is contended, however, that the last clause of the instrument reserves the right to object

on the present ground. We are of opinion that the language used cannot be given such effect. Had counsel at the time intended to raise any question which might then have arisen, or might thereafter arise, concerning the issuance or service of the citation, it is not to be supposed that he would have signed any agreement recognizing the case as being in court. If he had desired or intended to raise such question, and had still deemed it advisable to sign the agreement, common prudence would have dictated that he use expressions more apt in reserving the right. The reservation relates to the "failure of the appellant to appeal this cause." As commonly used by the profession, the "appeal" of the cause includes the order granting the appeal and the other statutory proceedings by which the appellate court obtains jurisdiction of the cause. The citation and the service of the same constitute the proceeding by which the court obtains jurisdiction of the person. The distinction is not unlike that between the commencement of suit by filing the complaint and the subsequent service of process.

A party signing for filing of record an instrument which of itself imports a knowledge and a recognition of an appeal pending will not, by any equivocal language, be presumed to have intended therein to reserve the right thereafter to raise objections to defects in nor to absence of the citation. Whether the court should give such effect to any reservation, however plain, is a question which suggests itself, but is not decided.

Holding, therefore, that the signing of the agreement by counsel for appellee constitutes a general appearance, and that the reservation therein was neither calculated nor intended to cover any objections to the citation, the motion to dismiss will be denied.

Since the foregoing was written, the court's attention has been called to a motion to dismiss filed herein on January 14, 1925, upon the ground that the appellant

failed to file cost or supersedeas bond within 30 days after the appeal was taken.

Reference to the record shows that a supesedeas bond was filed and approved by the clerk of the district court on July 13, 1923. Section 17, chapter 43, Laws of 1917, provides for the filing of such bond within 60 days from the the date of entry of judgment. The supersedeas bond was therefore filed in sufficient time if, as appellee contends, the date of the entry of judgment was June 4, 1923. This motion to dismiss will likewise be denied, and it is so ordered.

PARKER, C. J., and BICKLEY, J., concur.