472 P.2d 646

Virginia B. MAYFIELD, Plaintiff-Appellee,

v.

SPARTON SOUTHWEST, INC.,
Garnishee-Appellant.

No. 8983.

Supreme Court of New Mexico.

July 27, 1970.

Julius Wollen, Leonard L. Pickering, Albuquerque, for garnishee-appellant.

Modrall, Seymour, Sperling, Roehl & Harris, Frank H. Allen, Jr., Peter J. Broullire III, Albuquerque, for plaintiff-appellee.

OPINION

WATSON, Justice.

Appellee, having obtained a judgment against defendant Juan G. Garcia in the sum of $4,077.90, served a writ of garnishment on appellant with interrogatories attached. The return shows that these papers were delivered to "R. S. Bernard, Mgr., Sparton Southwest, Inc." on April 18, 1969 by a deputy sheriff.

On April 22, 1969, Mr. Bernard, as "Personnel Manager" for appellant, sent an unsworn letter to the clerk of the district court referring to the cause by its docket number briefly answering the interrogatories. A copy of this letter was also sent to the attorney for the appellee. At the same time, he sent a check to the clerk for $9.42, although the clerk's receipt for this sum is dated May 5, 1969.

On May 14, 1969, a default judgment was entered against appellant-garnishee in the sum of $4,077.90, pursuant to § 26-2-18, N.M.S.A., 1953 Comp. (since repealed). This statute authorized judgment against the garnishee for the full amount of the judgment against the defendant "should the garnishee fail to make answer to the writ and the interrogatories." Appellee pointed out to the trial court in her ex parte motion for the default judgment that the writ had not been answered, nor had the interrogatories been answered under oath as required by Rule 33 [§ 21–1–1(33), N.M.S.A., 1953 Comp.].

This appeal was from the trial court's order denying appellant's amended motion to set aside the default judgment.

Rule 55(b) [§ 21–1–1(55) (b), N.M.S.A., 1953 Comp.] reads in part:

"* * * If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least three days prior to the hearing on such application * * *."

██ Appellee admits that *no notice was given* appellant of its application for a judgment by default. Therefore, the dispositive question which we must answer is whether there was an "appearance" by appellant, as that term is used in Rule 55(b), supra, such as to require the giving of the three-day notice. If there was such an "appearance," the case must be reversed for failure to give the required notice.

Appellee would define "appearance" generally as follows:

"Used broadly, the term 'appearance' means the coming into court by either party to an action; but in its common and particular use it signifies an overt act by which a person against whom suit has been commenced submits himself to the jurisdiction of the court, and is his first act therein." 6 C.J.S. Appearance § 1 (1937).

Appellee contends that appellant's actions do not satisfy this definition. She contends that it takes more than a mere letter to constitute an appearance. However, in Dalminter, Inc. v. Jessie Edwards Inc., 27 F.R.D. 491 (S.D.Tex.1961), the court, in construing the federal rule from which our Rule 55(b), supra, was taken, held that a letter from the president of the corporate defendant sent only to the attorney for the plaintiff was sufficient to require the three-day notice from the plaintiff. Press v. Forest Laboratories, Inc., 45 F.R.D. 354 (S.D.N.Y.1968), is of similar import, while Rutland Transit Co. v. Chicago Tunnel Terminal Co., 233 F.2d 655 (7th Cir. 1956),

and United States v. Knox, 79 F.Supp. 714 (E.D.Tenn.1948), suggest a rule to the contrary. In both Knox and Chicago Tunnel, however, to enforce the three-day notice requirement would have condoned what may have been attempts to avoid an appearance.

We believe that the appellant's action here constituted more than a mere letter from an employee. Not only did Mr. Bernard send his attempted answers to the interrogatories to the clerk, but he also sent a copy thereof to appellee's counsel, and paid into court what he thought was owing. This clearly indicates an *intention* (although defective in form) to meet the obligations of a party to a law suit and to submit to the jurisdiction of the court. The following analysis from Anderson v. Taylorcraft, Inc., 197 F.Supp. 872 (W.D.Penn. 1961), is pertinent here:

"* * * It [an appearance] is an affirmative act requiring knowledge of the suit and an intention to appear. '[A]n appearance is always a matter of intention, and it is not to be inferred, except as a result of acts from which an intent may be properly inferred.' Durabilt Steel Locker Co. v. Berger Mfg. Co., D.C. N.D.Ohio E.D.1927, 21 F.2d 139, 140; 6 C.J.S. Appearances § 12, p. 19." 197 F. Supp. at 874.

We believe that appellant's intention to appear is clearly manifested in the acts of its agent, and we hold that such acts constitute an appearance within the scope of Rule 55(b), supra.

In Rogers v. Lyle Adjustment Company, 70 N.M. 209, 372 P.2d 797 (1962), we held that the purpose of the three-day notice was not to give the party time within which to plead defensively, but rather to seek to set aside the default (as opposed to the default judgment) under Rule 55(c) [§ 21–1–1(55) (c), N.M.S.A., 1953 Comp.], and to seek an enlargement of time in which to plead in accordance with Rule 6(b) [§ 21–1–1(6) (b), N.M.S.A., 1953 Comp.]. In view of this and because default judgments are not favored and, generally, cases should be decided on their merits, we prefer to adopt

a liberal construction of the "appearance" required under Rule 55(b), supra, as we feel that any attempt to abuse the rule by avoiding appearance will be considered by the court in ruling on the motions which will necessarily follow.

We hold that notice was required in this case because an "appearance," satisfying the requirements of Rule 55(b), supra, had been made. Where notice of a motion for a default judgment is required, but not given, such a judgment entered without notice must be vacated as a matter of law. Press v. Forest Laboratories, Inc., supra; Dalminter v. Jessie Edwards, Inc., supra; Wilver v. Fisher, 387 F.2d 66 (10th Cir. 1967); Swallow v. United States, 380 F.2d 710 (10th Cir. 1967); Hutton v. Fisher, 359 F.2d 913 (3rd Cir. 1966); Rogers v. Tapo, 72 Ariz. 53, 230 P.2d 522 (1951). Thus we must reverse on this point alone. Board of County Comm'rs of Sierra County v. Boyd, 70 N.M. 254, 372 P.2d 828 (1962).

The judgment of the trial court is reversed and remanded with instructions to set aside the default judgment and to proceed in a manner not inconsistent with this opinion.

It is so ordered.

COMPTON, C. J., and McKENNA, J., concur.