487 P.2d 1104

Scott BROWN, Administrator of the Estate of Bobby Joe Winsor, deceased, Plaintiff-Appellant,

v.

LUFKIN FOUNDRY & MACHINE COMPANY, a corporation, and Gulf Oil Corporation, Defendants-Appellees.

No. 638.

Court of Appeals of New Mexico.

July 23, 1971.

James L. Brown, John R. Phillips, Jr., Farmington, for plaintiff-appellant.

George T. Harris, Jr., Frank H. Allen, Jr., Peter J. Broullire, III, Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, for defendants-appellees.

## OPINION

SUTIN, Judge.

A default judgment was granted plaintiff against defendant Lufkin in a wrongful death action for failure to answer within the time prescribed by law. The trial court set aside the default judgment, and plaintiff appeals. Defendant, Gulf Oil Corporation, having answered, is not a party to this appeal.

We affirm.

On March 17, 1969, the statutory agent of defendant Lufkin was duly served with process. Because of mistake or carelessness, the statutory agent did not notify Lufkin of service of the summons and complaint. On April 24, 1969, plaintiff filed a motion for default judgment. On May 9, 1969, a hearing was held on the motion, testimony and other evidence presented. On June 4, 1969, the trial court entered its findings of fact and conclusions of law, and filed a default judgment for plaintiff in the sum of $149,164.00, including an award of interest and costs.

On June 23, 1969, Lufkin entered its appearance, and on June 25, 1969, filed its answer. On June 26, 1969, Lufkin moved to set aside the default judgment with affidavits attached thereto. One basis was that the default judgment was not a final judgment. The affidavits were confined to improper service on Lufkin's agent and lack of knowledge of Lufkin of the complaint and summons. Counter-affidavits were filed by plaintiff of proper service, which included items of costs and expenses and time spent by plaintiff's attorneys in preparing for and obtaining the default judgment.

On September 10, 1969, the trial court found that Lufkin's failure to file an answer within the time prescribed by law was the result of excusable neglect under the provisions of Rule 60(b) [§ 21–1–1(60)(b), N.M.S.A.1953 (Repl.Vol. 4)]. The trial court entered its order setting aside the default judgment, holding it null and void and of no force and effect.

On October 10, 1969, plaintiff appealed to the Court of Appeals. On August· 20, 1970, the appeal was dismissed with consent of the plaintiff, and a mandate issued that the case was remanded for such further proceedings as may be proper because the original order setting aside the default judgment was not a "final judgment" under Rule 54(b) [§ 21–1–1(54) (b), N.M.S.A.1953 (Repl.Vol. 4)].

On September 15, 1970, plaintiff moved for an amended order setting aside the default judgment on nine separate grounds.

On September 10, 1970, before the above motion was filed, Lufkin filed a response to the motion.

On September 21, 1970, the trial court entered its amended order setting aside the default judgment, held it to be null and void and of no effect, and it appeared to the court that there was no just reason for delay in entering a final and reviewable order to make it appealable under Rule 54(b). This became a final judgment and appealable.

On October 20, 1970, plaintiff again appealed.

Plaintiff relies on three points for reversal, (1) the trial court erred because there was no proof offered by Lufkin of a meritorious defense; (2) the trial court abused its discretion in setting aside the default judgment on the grounds of excusable neglect; (3) the trial court erred in not allowing plaintiff's requested attorney's fees and costs.

## A. *Is Proof of Meritorious Defense Necessary?*

█ This point is not relevant. The issue of a meritorious defense is applicable where the defendant seeks to set aside a "final" default judgment under Rules 55(c) and 60(b). Wakely v. Tyler, 78 N.M. 168, 429 P.2d 366 (1967). These two sections deal only with "final judgments." When multiple parties are involved, the court may enter a "final judgment" as to one or more of the parties only upon an express determination that there is no just reason for delay. Section 21–1–1(54) (b). No such determination was made on the default judgment before it was set aside. It was not "final."

Section 21–9–1, N.M.S.A.1953 (Repl.Vol. 4) is not applicable. This section gives the trial court control of "final judgments and decrees" for a period of thirty days. The fact that the trial court did not rule on Lufkin's motion within thirty days is inconsequential.

█ Because of multiple defendants, the default judgment against Lufkin alone was interlocutory, not final. Rule 54(b); Bateman v. Gitts, 17 N.M. 619, 133 P. 969 (1913); Ex Parte Mason, 213 Ala. 279, 104 So. 523 (1925); 49 C.J.S. Judgments § 215. See Chronister v. State Farm Mutual Automobile Ins. Co., 67 N.M. 170, 353 P.2d 1059 (1960). "Interlocutory orders and judgments are, therefore, not brought within the restrictive provisions of 60(b), *but they are left within the plenary power of the court that rendered them to afford such relief from them as justice requires.*" 7 J. Moore, Federal Practice, § 60.20 at 227 (2d Ed. 1970).

Plaintiff, in his reply brief, makes a disclaimer as to defendant Gulf Oil Corporation if it will avoid Rule 54(b), and make the default judgment final. State ex rel. State Highway Commission v. Quesenberry, 72 N.M. 291, 383 P.2d 255 (1963), and National American Life Ins. Co. v. Baxter, 73 N.M. 94, 385 P.2d 956 (1963), relied on by plaintiff, are not applicable.

Gomes v. Williams, 420 F.2d 1364 (10th Cir. 1970), a New Mexico case, is emphasized by plaintiff. This decision is inapplicable because it applies to a final judgment.

█ The failure to prove a meritorious defense in this case does not constitute error upon which to reinstate the default judgment. Rules 55(c) and 60(b), and § 21–9–1, N.M.S.A.1953 (Repl.Vol. 4), are inapplicable. We hold that interlocutory default judgments under Rule 54(b) may be set aside or affirmed in the judicial discretion of the trial court.

## B. *Did the Trial Court Abuse its Discretion?*

Plaintiff relies strongly on Bourgeious v. Santa Fe Trail Stages, 43 N.M. 453, 95 P.2d 204 (1939). The trial court refused to set aside a default judgment. The Supreme Court affirmed because it could not "set aside a judgment unless there was a clear abuse of discretion * * *" This was also true in Guthrie v. U. S. Lime and Mining Corp., 82 N.M. 183, 477 P.2d 817 (1970). "Discretion" and "abuse of discretion" have been wisely discussed in pre-

vious decisions. Salitan v. Carrillo, 69 N. M. 476, 368 P.2d 149 (1961); Independent Steel & Wire Co. v. New Mexico Cent. R. Co., 25 N.M. 160, 178 P. 842 (1918).

■ Carelessness and negligence in failing to appear, answer, or otherwise plead to the complaint do not deny a defendant his fair day in court. Laffoon v. Galles Motor Co., 80 N.M. 1, 450 P.2d 439 (Ct. App.1969).

Plaintiff sought to lead us to Arizona. However, the Supreme Court in Campbell v. Frazer Construction Co., 105 Ariz. 40, 459 P.2d 300 (1969), held the trial court did not abuse its discretion in setting aside a default judgment.

■ In the instant case, evidence was presented in the form of affidavits. Lufkin's agent stated the Deputy Sheriff of Santa Fe County made service upon the Gulf Oil Corporation and not on Lufkin. The Deputy Sheriff swore that he left two copies of the summons and complaint. Lufkin's motion admits both copies were sent to Gulf Oil Corporation. In this case, because of the conflict, we accept the affidavit of the Deputy Sheriff. See Singleton v. Sanabrea, 35 N.M. 491, 2 P.2d 119 (1931). Nineteen days after Lufkin learned of the default judgment, it made telephone calls to attorneys, entered an appearance, filed an answer and then moved to set aside the default judgment. Did the trial court properly exercise its discretion? We believe it did. We cannot say the trial judge acted beyond the bounds of reason or deliberately acted wrongfully or arbitrarily.

The trial court did not abuse its discretion.

**C.** *Is Plaintiff Entitled to Costs, Expenses and Attorney's Fees?*

■ Plaintiff's motion for an amended order stated that plaintiff had already been put to considerable time and expense in presenting evidence upon which the default judgment was based and that the rules provide for compensation.

It appears no ruling was made upon this question. However, since this case is still pending before the trial court the matter may be presented for a ruling.

It is ordered that the judgment of the trial court vacating the default judgment is affirmed.

HENDLEY, J., and OMAN, Supreme Court Justice, concur.