506 P.2d 781

Leonard FARMS, a partnership, Plaintiff-Appellee,

v.

CARLSBAD RIVERSIDE TERRACE APARTMENTS, INC., and Duffy A. Sasser, Defendants-Appellants.

No. 9487.

Supreme Court of New Mexico.
Feb. 23, 1973.

Tharp, Tharp & Williams, Clovis, Sherman & Sherman, Deming, for appellants.

Crouch & Lenko, Walter R. Parr, Las Cruces, for appellee.

## OPINION

OMAN, Justice.

Plaintiff, Leonard Farms, a partnership, hereinafter called Leonard, brought suit to recover on a promissory note executed by defendants, Carlsbad Riverside Terrace Apartments, Inc., hereinafter called Carlsbad, Duffy A. Sasser and W. W. Smith, and to foreclose a mortgage on real estate executed by Carlsbad and given to Leonard as security for the indebtedness evidenced by the note. Carlsbad and Sasser have appealed from judgments entered in favor of Leonard on its complaint and dismissing the counterclaims of Carlsbad and Sasser. We affirm.

The first point relied upon for reversal is Sasser's claim that the trial court erred in refusing to strike Leonard's reply to his counterclaim. The basis of the claim is the untimely filing of the reply. The counterclaim was filed June 17, 1971. The reply thereto was filed August 5, 1971.

The case came on for trial on August 10, 1971. After the parties had announced ready for trial, Sasser orally moved the court to strike plaintiff's reply to his counterclaim and to grant him a default judgment on the counterclaim as provided by Rule 55 of the Rules of Civil Procedure [§ 21-1-1(55), N.M.S.A.1953 (Repl. Vol. 4, 1970)]. The trial court reserved ruling on the motion and the trial continued.

■■■ Default judgments are not favored, and, generally, cases should be decided on their merits. Mayfield v. Sparton Southwest, Inc., 81 N.M. 681, 472 P.2d 646 (1970); Wooley v. Wicker, 75 N.M. 241, 403 P.2d 685 (1965). It lies within the sound discretion of the trial court to refuse the entry of a default judgment. Compare Dunne v. Dunne, 83 N.M. 377, 492 P.2d 994 (1972); Wooley v. Wicker, supra; Gilmore v. Griffith, 73 N.M. 15, 385 P.2d 70 (1963); Rogers v. Lyle Adjustment Company, 70 N.M. 209, 372 P.2d 797 (1962).

■■■ The facts here clearly support the wisdom of the trial court in ultimately denying the motion for default judgment. The reply had been filed by Leonard prior to the making by Sasser of his motion. The notice requirements of Rule 55(b) of the Rules of Civil Procedure [§ 21-1-1(55)(b), N.M.S.A.1953 (Repl. Vol. 4, 1970)] were not complied with by Sasser. See Mayfield v. Sparton Southwest, Inc., supra. The case had been set for trial and was in fact proceeding to trial on the merits when the motion was made. No claim is made that the late filing of the reply in any way prejudiced Sasser in the presentation of his case on his counterclaim.

All the remaining points relied upon for reversal depend upon the claims of Leonard and Sasser that the trial court's findings of fact numbered 12 and 13 are not supported by substantial evidence. These findings were:

"12. The effective interest rate received from Carlsbad or Duffy A. Sasser is 6.89 per cent per annum and is computed in the following manner, to-

wit: [Then follows an attached page of computations showing the highest charge of interest to be 9%, the lowest charge of interest to be 6½%, and the overall or average charge of interest to be 6.-89%].

"13. Leonard did not intend to charge nor did it collect amounts prohibited by the usury statutes of New Mexico or Texas."

From these findings the court concluded:

"5. Leonard did not exact payments from Carlsbad in violation of New Mexico or Texas usury statutes."

A reading of the entire record convinces us the trial court's findings numbered 12 and 13, and particularly number 13, are supported by substantial evidence, and that the judgments should be affirmed.

It is so ordered.

McMANUS, C. J., and MONTOYA, J., concur.