527 P.2d 322

**OTIS ENGINEERING CORPORATION,**
a Delaware corporation, Plain-
tiff-Appellee,

v.

**Michael P. GRACE and Corinne Grace,**
Defendants-Appellants.

No. 9938.

Supreme Court of New Mexico.

Sept. 20, 1974.

Rehearing Denied Oct. 17, 1974.

Lon P. Watkins, Carlsbad, F. B. How-den, Los Lunas, for appellants.

A. D. Solsbery, Roswell, for appellee.

## OPINION

STEPHENSON, Justice.

Plaintiff-appellee (Otis), alleging it furnished materials and services to certain oil and gas leaseholds for appellants (the Graces), sued the Graces for a money judgment, attorney fees and other relief.

Mr. Grace was personally served with process and Mrs. Grace was served by leaving a copy of the summons and complaint at her purported place of abode in Eddy County after Mr. Grace declined to receive the documents for her.

No pleadings having been filed by the Graces, a certificate of default was entered by the district court clerk on March 22, 1973. This evoked a flurry of motions from the Graces the following day, including a motion from Mr. Grace praying that the default be set aside because he was not indebted to Otis and also a motion to dismiss for failure to state a cause of action upon which relief could be granted. Mrs. Grace moved to dismiss the complaint "for the reason that she has not been served with process" and also moved, with a supporting affidavit, to set the default aside on the ground that the service of process was invalid. She said she was not a resi-

dent of and had no place of abode in New Mexico.

On August 21, 1973, default judgment was entered for the amount of damages prayed, plus interest, attorney fees and costs.

Whether or not the hearing which culminated in the default judgment was to take place at the appointed time was the subject of a misunderstanding between the court and counsel, the details of which are not pertinent to our decision.

The trial court does not appear to have considered the Graces' motions enumerated above when the default judgment was entered.

The default judgment brought forth more motions from the Graces. They moved to set it aside stating the Grace version of the misunderstanding; alleging that "defendants have a meritorious defense to the claims of the plaintiff;" and that the Graces' failure to appear and defend on August 21, 1973, was due to "inadvertence or excusable neglect." Mrs. Grace continued to insist that she had not been properly served with process.

There matters stood when Judge Reese entered the picture. A hearing was held of which all parties had proper notice and at which all parties were represented by counsel. All pending motions were considered. Evidence was taken and legal arguments heard. At the conclusion of those proceedings, Judge Reese decided that he had complete jurisdiction and that the Graces had no meritorious defense. He denied all pending motions and adjudged and decreed the judgment of August 21, 1973 to be and remain in full force and effect.

This appeal followed. We affirm.

This appeal could be decided adversely to the Graces on a number of grounds and a great deal could be written about the procedures utilized and the issues formulated by the pleadings we have recounted. Rules of Civil Procedure 6(b), 55(c) and 60(b) [§ 21-1-1(6)(b), (55)(c), (60)(b), N.M.S.A.1953] are applicable. We have

fully expressed ourselves on the operation of these rules, at least insofar as they apply to this case, in Springer Corporation v. Herrera, 85 N.M. 201, 510 P.2d 1072 (1973) and Rogers v. Lyle Adjustment Company, 70 N.M. 209, 372 P.2d 797 (1962).

In Springer we spoke at length on how a trial court should approach a decision as to the setting aside of a default judgment and the manner in which its discretion ought to be exercised. We have nothing to add on this score. However, two precepts are crystal-clear from Springer. First, the decision of the trial court is discretionary and will be reversed only for an abuse of that discretion and second, that one element which must be demonstrated by a movant who would have a default judgment set aside is that he has a meritorious defense.

The trial court ruled, after a full hearing, that the Graces had no meritorious defense. We have carefully read the entire record and are not prepared to say that the trial court abused its discretion in this regard. This in itself requires an affirmance of the trial court's order.

Mrs. Grace's consistent assertion that she was not properly served with process is not argued upon this appeal and we therefore give it no consideration.

The remaining question has to do with the awarding of attorney fees on this appeal. This was a suit upon an open account. Attorney fees were allowed by the trial court presumably pursuant to § 18-1-37, N.M.S.A.1953. Otis asserts that it should be allowed attorney fees for defending this appeal citing Cabot v. First National Bank of Santa Fe, 81 N.M. 795, 474 P.2d 478 (1970) and First National Bank of Santa Fe v. Wood, 86 N.M. 165, 521 P.2d 127 (1974). Those cases are not in point. They involved suits on promissory notes which contained specific provisions for attorney fees, although this fact does not appear in the opinion in the latter case.

The allowance of attorney fees on appeal under the cited section was mentioned in

Measday v. Sweazea, 78 N.M. 781, 438 P. 2d 525 (Ct.App.1968) but a decision as to whether they were so allowable was neither required nor made.

In Southwestern Portland Cement v. Beavers, 82 N.M. 218, 478 P.2d 546 (1970) this court considered briefly whether or not § 18–1–37, supra, authorized payment of attorney fees for services on appeal on behalf of creditors in the successful collection of open accounts, and held that it did not. The request for additional attorney fees was denied. We see no reason to disturb that ruling. No attorney fees will be allowed for the services of Otis' attorneys here.

The judgment is affirmed.

McMANUS, C. J., and OMAN, J., concur.