558 P.2d 62

**Mary E. GENGLER, Plaintiff-Appellant,**

**v.**

**McKinley PHELPS, Jr., and Albuquerque Anesthesia Services, Ltd., Defendants-Appellees.**

**No. 2533.**

Court of Appeals of New Mexico.
Nov. 23, 1976.
Rehearing Denied Dec. 13, 1976.

Alfred Carvajal, Carvajal & Sparks, Albuquerque, for plaintiff-appellant.

J. T. Paulantis, Johnson, Paulantis & Lanphere, Albuquerque, for defendants-appellees.

## OPINION

LOPEZ, Judge.

The plaintiff appeals an order vacating judgment by default for $114,800.00 which had been entered against the defendant, Albuquerque Anesthesia Services, Ltd. We affirm.

The plaintiff asserts four points for reversal. These points may be discussed as one issue: whether the district court committed reversible error by vacating the default judgment under Rule 60(b) of the New Mexico Rules of Civil Procedure [§ 21-1-1(60)(b), N.M.S.A.1953 (Repl. Vol. 4, 1970)].

First of all, in order to properly explain our decision, we state the sequence of events that led to the default judgment and subsequently to this appeal.

(1) The complaint was filed on October 11, 1974, against two defendants, Albuquerque Anesthesia Services, Ltd. (Albuquerque Anesthesia) and McKinley Phelps, Jr. (Phelps). The action was for defamation and sought, against both defendants, compensatory damages of $114,800.00, punitive damages of $250,000.00, plus interest and costs. Service of process was made upon a "Dr. Garcia (member)" for the defendant

Albuquerque Anesthesia on October 11, 1974. Defendant Phelps was personally served, also on October 11, 1974.

(2) Motion for default judgment against Albuquerque Anesthesia was filed at 4:30 p. m. on November 19, 1974. The plaintiff's motion stated that service of process upon this defendant had been made by delivering a copy of the summons and complaint to an "officer" of the corporation. On record, the return of service mentions that service was made by delivering a copy of the summons and complaint to a "Dr. Garcia (member)." Default judgment was entered for $114,800.00 of compensatory damages against Albuquerque Anesthesia, not Phelps. The district court refused to grant punitive damages or costs.

(3) The day following the entry of default judgment against Albuquerque Anesthesia, November 20, 1974, Phelps filed a motion to extend the time for answer. Order of extension was approved by plaintiff's attorney and was duly signed and entered by the court the same day.

At this point a dispute arises. In a letter from Mr. Carvajal, attorney for plaintiff, to Mr. Paulantis, attorney for defendants, it appears that Mr. Carvajal agreed to an extension of time for answer. This letter, dated November 14, 1974, approves the extension. It stated: "[e]nclosed please find the original of your proposed [o]rder extending time for response in the *captioned case*." (Emphasis added). Although both defendants were represented by the same attorney, and the motion for extension was captioned with Phelps and Albuquerque Anesthesia, the motion asked for an extension only for Phelps. The order granting extension, although captioned with both defendants, referred and applied only to Phelps.

Briefs and oral argument give no reason for the defendant's oversight in drafting the order so as to refer solely to Phelps. Plaintiff's attorney, apparently capitalizing on this oversight, moved for default judgment five days after giving his approval for an extension. The day after the entry of default judgment, the defendant filed the motion and order to extend which were defective because of reference only to Phelps. But they were captioned with Phelps *and* Albuquerque Anesthesia. It is difficult for this Court to believe that plaintiff's attorney considered the order for extension applicable only to Phelps when he signed the order "A. M. Carvajal for plaintiff" and acknowledged approval for an extension "in the captioned case." Defendant's attorney clearly intended that the motion and order apply to Albuquerque Anesthesia.

(4) Answer was filed on November 21, 1974, by both defendants, Phelps and Albuquerque Anesthesia, through the same attorney, Mr. Paulantis. No effort was made by the plaintiff to execute his judgment and the case proceeded through discovery.

(5) After plaintiff obtained a writ of garnishment on January 23, 1976, motion to vacate the default judgment against Albuquerque Anesthesia was filed on February 6, 1976.

(6) Order to set aside the default judgment was entered on March 23, 1976. This order is the subject of this appeal; it concerns Albuquerque Anesthesia, not Phelps.

A hearing to set aside was held on February 23, 1976, and the record shows the following: (a) an affidavit by J. T. Paulantis, attorney for Albuquerque Anesthesia, indicating there was no notice of default on record when he filed the motion and order for extension and that he did not know of the default judgment until January 23, 1976, when the plaintiff's attorney obtained the writ of garnishment; (b) a copy of the judgment of default does not contain verification of notice to opposing counsel; (c) a copy of the aforementioned letter from Mr. Carvajal to Mr. Paulantis dated November 14, 1974; (d) an affidavit by Deputy Sheriff Pacheco, who served the summons and complaint, indicating that he served Dr. E. R. Garcia, a member of Albuquerque Anesthesia, because no resident or managing agent, offi-

cer or director was present or available. The order of the district court reads:

"The motion of Albuquerque Anesthesia Services, Ltd., for an order setting aside the default and default judgment entered herein on November 19, 1974 came on regularly to be heard February 23, 1976 with parties appearing by their respective counsel and evidence both oral and documentary having been introduced, and the motion having been argued, and submitted, and the Court being fully advised in the premises,

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the motion of Albuquerque Anesthesia Services, defendant, be, and the same hereby is granted and that the default and default judgment heretofore entered in this action be, and the same hereby is, set aside and vacated, and that the answer of Albuquerque Anesthesia Services, Ltd. filed November 21, 1974 shall remain as the answer of Albuquerque Anesthesia Services, Ltd. to the complaint without further service of same on plaintiff [sic]."

■ We quote the order in full to show that it did not state the law upon which the district court proceeded. But we need to consider only one theory which sustains the court's order. The order setting aside the default judgment is final and appealable under Rule 54(b)(2) [§ 21–1–1(54)(b)(2), N.M.S.A.1953 (Repl. Vol. 4, 1970)].

■ A threshold issue is presented by plaintiff's first point, that the district court had no jurisdiction to vacate the judgment. He relies on § 21–9–1, N.M.S.A.1953 (Repl. Vol. 4, 1970), which in pertinent part reads as follows:

". . . Final judgments and decrees, entered by district courts in all cases tried pursuant to the provisions of this section shall remain under the control of such courts for a period of thirty days after the entry thereof, and for such further time as may be necessary to enable the court to pass upon and dispose of any motion which may have been filed within such period, directed against such judgment . . . ."

More than thirty days had elapsed after the default judgment when it was vacated. This section, however, is inapplicable because it deals with final judgments and the default judgment in this case is not final. Judgment was only for compensatory damages; the issues of punitive damages and costs were left open or pending. We conclude that the default judgment was interlocutory. *Brown v. Lufkin Foundry & Machine Co.*, 83 N.M. 34, 487 P.2d 1104 (Ct.App.1971); N.M.R.Civ.P. 54(b)(1), supra. Also, § 21–9–1, supra, does not conflict with Rule 60(b), supra, under which it appears the lower court proceeded. See *Wooley v. Wicker,* 75 N.M. 241, 403 P.2d 685 (1965); *Martin v. Leonard Motor-El Paso,* 75 N.M. 219, 402 P.2d 954 (1965).

Rules 55(c) and 60(b) are applicable. [Sections 21–1–1(55)(c), (60)(b), N.M.S.A.1953 (Repl. Vol. 4, 1970)]; *Otis Engineering Corporation v. Grace,* 86 N.M. 727, 527 P.2d 322 (1974). Rule 55(c) provides that for "good cause shown, the court may set aside an entry of default and, if judgment by default has been entered, may likewise set it aside in accordance with Rule 60." *Weisberg v. Garcia,* 75 N.M. 367, 404 P.2d 565 (1965). It is not evident from the court's order whether it proceeded under Rule 60(b), but Albuquerque Anesthesia's motion to vacate the default judgment asked the district court:

". . . to stay proceedings to enforce the judgment, pursuant to Rule 60b . . ., New Mexico Rules of Civil Procedure. Further, this motion is an independent action to relieve this party from the judgment as provided in Rule 60b."

■ Plaintiff contends that the trial court erred in vacating the judgment under Rule 60(b)(4). We disagree. The motion for default judgment filed by plaintiff is not consistent with the return of service and the affidavit of Deputy Sheriff Pacheco that service of process was made on a

member, not an officer or as otherwise provided in Rule 4(*o*), N.M.R.Civ.P. [§ 21–1–1(4)(*o*), N.M.S.A.1953 (Repl. Vol. 4, 1970)]. It is probable the court considered oral and documentary evidence; the court could have found the judgment void although it did not make this ruling explicit. See *In re Guardianship of Caffo v. Cortese*, 69 N.M. 320, 366 P.2d 848 (1961). See also *Chavez v. County of Valencia*, 86 N.M. 205, 521 P.2d 1154 (1974). We do not comment on the sufficiency of process because the district court has ordered, and we agree, that the answer of Albuquerque Anesthesia on November 21, 1974, shall stand without further service.

▮▮▮ Finally, the dispositive point is that the district court could set aside the default judgment under Rule 60(b)(6). Under subsection (b)(6) the district court, within a reasonable time, can grant relief or vacate for any other reason justifying relief from the operation of the judgment. *Home Savings & Loan Ass'n v. Esquire Homes, Inc.*, 87 N.M. 1, 528 P.2d 645 (1974). This is to be applied liberally. *Foundation Reserve Insurance Co. v. Martin*, 79 N.M. 737, 449 P.2d 339 (Ct.App. 1968). Moreover, Rule 60(b) does not limit the power of the court to entertain an independent action to relieve the party from a judgment, order or proceeding, or to set aside a judgment for fraud upon the court. The defendant's motion was an independent action.

Plaintiff contends that there are insufficient facts or evidence to support the court's order under subsection (b)(6). It was incumbent, however, upon plaintiff to include in the record the facts and testimony to support this argument. *In re Guardianship of Caffo v. Cortese*, supra. He failed to do so. No request for a transcript of proceedings was made; consequently, we follow the rule of *Fisher v. Terrell*, 51 N.M. 427, 187 P.2d 387 (1947):

> "We have a well-established rule that upon a doubtful or deficient record, every presumption is indulged in favor of the correctness and regularity of the decision of the trial court, and we indulge such presumption in support of the order entered."

▮▮ The motion to set aside or vacate a default judgment is addressed to the sound discretion of the trial court. We believe that under all the circumstances and upon the record, the district court did not abuse its discretion. There is evidence of a meritorious defense and there are no intervening equities. Furthermore, this decision is compelled by the policy of law which prefers that cases be decided on the merits. This policy looks with disfavor upon default judgments and the litigant who attempts to take advantage of the mistake, surprise, inadvertence, or neglect of an adversary. *Springer Corporation v. Herrera*, 85 N.M. 201, 510 P.2d 1072 (1973); *Foundation Reserve Insurance Co. v. Martin*, supra; *Weisberg v. Garcia*, supra.

Judgment of the district court is affirmed.

IT IS SO ORDERED.

WE CONCUR:

SUTIN, J., specially concurs.

HERNANDEZ, J., concurs in the result only.

SUTIN, Judge (specially concurring).

A. *The order setting aside the default judgment was final and appealable.*

This case involves an appeal from an order setting aside a default judgment.

We must distinguish an appeal of an order setting aside a default judgment, from an appeal of a default judgment.

An order setting aside and holding for naught a default judgment is a "final judgment" and appealable. *Starnes v. Starnes*, 72 N.M. 142, 381 P.2d 423 (1963). An order overruling defendant's motion to set aside a default judgment is final and appealable. *Wooley v. Wicker*, 75 N.M. 241, 403 P.2d 685 (1965). For a review of the cases on this subject, see Annot., Appealability of Order Setting Aside, or Refusing

to Set Aside, Default Judgment, 8 A.L.R. 3d 1272 (1966).

In the instant case, the order setting aside the default judgment was final and appealable.

An appeal from a default judgment involves an interpretation of Rule 54(b)(1) and 54(b)(2) to determine whether the judgment is final and appealable. This case does not involve an appeal from a default judgment.

*Rule 54(b)(1) involves multiple claims.* If there is more than one claim for relief, a final judgment may be entered only on an express determination that there is no just reason for delay. *Defendant claims the trial court retained jurisdiction of this matter,* because plaintiff sought both compensatory and punitive damages and a default judgment was entered only on compensatory damages; that the trial court did not include the magic words that "There is no just reason for delay."

A claim of tort for compensatory and punitive damages is one claim for relief, not two. There can be no claim for punitive damages alone. *Crawford v. Taylor,* 58 N.M. 340, 270 P.2d 978 (1954); *Grandi v. LeSage,* 74 N.M. 799, 399 P.2d 285 (1965). The trial court did not retain jurisdiction.

*Rule 54(b) (2) involves multiple parties.* The default judgment was entered only against defendant Albuquerque Anesthesia Services, Ltd. Under Rule 54(b)(2), a final judgment may be entered as to one of the parties unless the trial court expressly provides otherwise. The trial court did not provide otherwise and the default judgment was final and appealable.

B. *Plaintiff was not entitled to default judgment as a matter of law.*

Prior to the entry of the default judgment, plaintiff's attorney was advised by defendant's attorney's office that they were entering this case. It was agreed orally that defendant had an extension of time to answer. On November 11, 1974, defendant's attorney wrote plaintiff's attor-

ney and enclosed an order extending the time. On November 14, 1974, in response, plaintiff's attorney wrote to defendant's attorney:

Enclosed please find the original of your proposed Order extending time for response to the captioned case. You will note that the date has been corrected to November 21st, which was our originally agreed upon date.

Despite the agreement to extend time in which to answer, plaintiff filed a motion for, and obtained, a default judgment on November 19, 1974, without notice to defendant, because defendant did not enter a formal appearance.

An "appearance" has been defined as:

"A coming into court as a party to a suit, whether as plaintiff or defendant.

"The formal proceeding by which a defendant submits to the jurisdiction of the court."

*Childers v. Lahann,* 18 N.M. 487, 490, 138 P. 202, 203 (1914), quoting from Bouvier's Law Dictionary. Under this general rule, whether a party submits himself voluntarily to the jurisdiction of the court should be tried by the record and not by other evidence. In *Childers,* plaintiff failed to cite defendant to appear in the Supreme Court under one of its rules. Correspondence and conversations took place between opposing counsel and, among other things, plaintiff's attorney applied to defendant's attorney for an extension of time within which to file his brief, which was granted. Plaintiff's attorney was led to believe that defendant's attorney had waived citation and intended voluntarily to appear in the court. The Supreme Court decided that, under the facts of this case, defendant waived the citation and, for good cause shown, the Court permitted plaintiff to sue out and serve citation on defendant. The Court said:

The Court is always reluctant to dispose of any cause except upon the merits of the questions involved, unless required to do so by plain and explicit provisions of

the statute, rule of court, or established procedure. [18 N.M. at 494, 138 P. at 205].

In *Noble v. McKinley Land & Lumber Co.*, 30 N.M. 294, 232 P. 525 (1925), the signing of a consent by plaintiff that an order be entered extending the time for the filing of defendant's brief, which consent defendant filed in the Supreme Court, constituted a "general appearance" by plaintiff and waived the issuance of a citation.

These cases hold that an opposing party has "appeared" in the Supreme Court in order to assist the party taking the appeal. The technical error is overcome by contacts between opposing counsel. The same rule applies in the district court under Rule 55(b) where an "appearance" is necessary to assist a party.

The Supreme Court has adopted a liberal construction of the word "appearance" required under Rule 55(b). All that is necessary to constitute an "appearance" to avoid a default judgment without notice, is an affirmative act by the party that shows knowledge of the suit and an intention to appear. This affirmative act can be shown by contacts between attorneys and even by letter from one attorney to the other, *Mayfield v. Sparton Southwest, Inc.*, 81 N.M. 681, 472 P.2d 646 (1970); and where plaintiff's attorney has acquiesced in defendant's request for more time to answer. *Hutton v. Fisher*, 359 F.2d 913 (3rd Cir. 1966); *United States v. Manos*, 56 F.R.D. 655, 16 Fed.Rules Serv.2d 1575 (S.D.Ohio 1972); *United States v. Melichar*, 56 F.R.D. 49, 16 Fed.Rules Serv.2d 738 (E.D. Wis.1972); 6 Moore's Federal Practice, § 55.05[3] (1976).

Defendant's attorney did correspond with plaintiff's attorney. Defendant's attorney knew of the suit filed and intended to appear and defend. This constituted an "appearance".

Before a default judgment is entered, the trial court should determine by record whether the three-day notice is required. It should inquire of the party seeking a default judgment whether any contacts occurred between opposing attorneys to determine whether the defaulting party knew of the pending action, intended to appear and defend, and did something affirmatively to show that this was the intention of the defaulting party.

It is established policy in the courts to say that default judgments are not favored; that, generally, cases should be decided on the merits; that Rule 55 should not be used to punish a technical violation of the Rules of Civil Procedure; that the notice requirement is a device intended to protect those parties who have indicated to the moving party a clear intent to defend the suit.

The default judgment granted plaintiff without notice was invalid and must be vacated as a matter of law. *Mayfield*, supra.

C. *Plaintiff never called the default judgment to the attention of defendant and the district judge, other than the judge who recused himself, during proceedings in court.*

Plaintiff contends that the trial court lacked jurisdicction to set aside the default judgment because of the compound errors of the defendant. I disagree. ·The record shows:

On October 11, 1974, plaintiff filed her complaint. Defendants were served with process the same day. Plaintiff's attorney agreed that defendants would have until November 21, 1974 to answer. On November 19, 1974, plaintiff obtained a default judgment. A motion and order extending the time to answer was filed on November 20, 1974, at which time the court file did not contain the motion for default judgment or the default judgment which was stamped as having been filed on November 19, 1974. A copy of the motion for default was never mailed to or served on defendant's attorneys. On November 21, 1974, defendants filed their answer. From November 21, 1974 until January 23, 1976, various motions were filed and proceedings

had in court in which both defendants were represented. The judge who entered the default judgment had recused himself. Plaintiff disqualified a district judge and motions were heard before the present presiding judge. Defendants' motions and a motion of plaintiff were heard, and an order entered on April 3, 1975, but the plaintiff did not inform the court or defendant of the default judgment. On June 10, 1975, the district judge reviewed the minutes of the corporation and ordered a portion thereof to be revealed. Plaintiff allowed the case to lay at rest until over a year had passed from the date of the default judgment. On January 23, 1976, plaintiff filed for and received a writ of garnishment on the default judgment and served it on defendant. This was the first time that defendant and defendant's attorney learned of the default judgment.

Even though there is no merit to the contention, plaintiff now claims that Rule 60(b) was not applicable because more than one year had passed after the default judgment was entered. The fact that plaintiff waited for more than one year to proceed on the default judgment gives the appearance of a ruse to avoid Rule 60(b).

I can find no errors on the part of the defendant's attorneys.

· Appellant's brief states:

Appellant urges that if Appellee looked into the Court files, it indeed acknowledged it was in default; had it pursued its case with the responsibility associated with lawyers' professional conduct, Appellant would not be here today. Avenues were open, but not pursued.

I cannot find any statute, rule or practice which compels an attorney to search the court file to determine whether any improper conduct has occurred. On the other hand, if plaintiff's attorney had called to defendant's attention and to the attention of the presiding judge that a default judgment had been entered, we would not be here today. The first canon of the Code of Professional Responsibility provides that "A lawyer should assist in maintaining the integrity and competence of the legal profession", and the second canon states that "A lawyer shall not: . ; . (5) Engage in conduct that is prejudicial to the administration of justice." Section 18–5–1, N.M.S.A.1953 (Repl. Vol. 4, 1975 Supp.).

To me this means "fair play" of opposing counsel in the administration of justice. Lawyers should not attempt to take advantage of technical errors under the rules of procedure. Neither the trial court nor this Court will condone this practice.