449 P.2d 339

**FOUNDATION RESERVE INS. CO., Inc.,** **Plaintiff-Appellant,**

v.

**Roy Elliott MARTIN, Lease Motor Vehicle Co., a Corp., and Robert L. Avery,** **Defendants-Appellees.**

**No. 176.**

Court of Appeals of New Mexico.

Dec. 27, 1968.

738

Leslie D. Ringer, Santa Fe, for plaintiff-appellant.

John P. Duffy, Farlow & Duffy, John J. Duhigg, Sheehan & Duhigg, Albuquerque, for defendants-appellees.

## OPINION

OMAN, Judge.

This is an appeal from the denial of a motion to vacate an order of abatement. Plaintiff is the appellant and defendants, Martin and Lease Motor Vehicle Co., hereinafter called Lease, are the appellees.

By the complaint in this cause, which was filed in San Miguel County on October 21, 1966, plaintiff sought recovery from Martin and Lease of the amount plaintiff allegedly paid defendant Avery by way of medical expenses under an insurance policy. Plaintiff claims that these expenses were occasioned by injuries sustained by Avery as a result of the negligence of Martin and Lease, and alleges that plaintiff had become subrogated to and was the assignee of Avery's claim against Martin and Lease to

the extent of its payment of these medical expenses.

Avery filed a motion seeking a dismissal of this case on the ground that there was already pending in Bernalillo County a suit by Avery against Martin, and that plaintiff in the present case was an indispensable party to that prior suit. Martin and Lease also filed a motion seeking a dismissal of this case on the grounds that the pending suit in Bernalillo County arose out of the same accident, that the two suits involved the same factual and legal questions, and that the plaintiff here was an indispensable party to the Bernalillo County suit.

A hearing was held on these motions, but there is no record of what transpired at this hearing, other than what is recited in an order filed February 10, 1967. This order recites by way of facts that it was " * * * stipulated between the parties that the motion shall be treated as a motion to abate because of the prior pendency of another action * * * in Bernalillo County before the time when plaintiff here acquired his [its] subrogation rights." It was then ordered that the "within action is abated because of the prior pendency of another action."

On October 2, 1967, plaintiff filed his "Motion to Vacate Order." By this motion plaintiff brought to the court's attention that plaintiff had prepared, and on February 14, 1967, had furnished opposing counsel with, a motion to intervene in the prior suit and a proposed order allowing such intervention; that, instead of approving the proposed order, opposing counsel proceeded to enter into a stipulation for dismissal of the prior action with prejudice; and that, without notice to plaintiff herein, the prior action was dismissed on March 3, 1967, pursuant to the stipulation between opposing counsel. Plaintiff contended that by reason of these facts and the misconduct of the adverse parties it was no longer equitable that the order of February 10, 1967, abating this case should have prospective effect, and prayed that the order be vacated.

On October 19, 1967, the court entered an order denying " * * * plaintiff's motion to vacate the order * * * abating this action * * *." The findings recited as a basis for this order are " * * * that the rights of plaintiff are derived solely through its insured, Robert L. Avery, as its conduit, and that plaintiff is bound and its rights are concluded by a settlement entered into by Avery with the other defendants, even if after notice to them of plaintiff's subrogation rights; that the settlement and dismissal of the action between Avery and Martin is res adjudicata as to plaintiff."

On November 1, 1967, plaintiff filed its notice of appeal from this order of October 19. On November 8, 1967, defendants filed a motion to vacate the order of October 19.

On November 9, 1967, the court entered an order by which it was " * * * ORDERED that the above-entitled and numbered cause be, and the same hereby is, dismissed with prejudice." The findings recited as the basis for this order are that the plaintiff derives its " * * * rights from Robert L. Avery * * *" and " * * * all of the issues concerning the parties were decided and dismissed in a previous action being filed in Bernalillo County * * *."

The motion filed in the Bernalillo County suit on March 3, 1967, by which the parties therein sought to have that cause dismissed with prejudice, asserts " * * * that all matters and controversy by and between the parties has been settled." An order dismissing that cause with prejudice was entered pursuant to this motion on the same day.

The position of the parties to this appeal is that the motion of November 8 and the order of November 9 in no way affect the finality of the order of October 19, that the two orders are not inconsistent and that, in effect, they are but one order. Therefore, no question is raised as to the propriety of the court's actions in entering this last order after the filing of the notice of appeal. Our concern with the final order of November 9 relates only to the light which the language thereof sheds upon the

purpose and intent of the trial court in entering the prior order of October 19.

■ It is apparent that the order entered on February 10, 1967, abated the present suit because of the prior pending suit in Bernalillo County. This was a final order, and the parties have so considered it. Plaintiff sought to have this order vacated under Rule 60(b), Rules of Civil Procedure (§ 21-1-1(60) (b), N.M.S.A.1953), and, in part, predicates its appeal upon a claimed failure of the trial court to exercise its discretion under this rule. Martin and Lease argue that the court exercised its discretion under this rule in denying the motion to vacate the order of abatement, and that it did not abuse its discretion.

Rule 60(b) expressly provides: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a *final* judgment, order, or proceeding * * *" (Emphasis added). The rule concerns itself only with relief from final judgments, orders, or proceedings. See 7 Moore, Federal Practice, ¶60.26[4], at 283, 287 and ¶60.27[1], at 293 (2d ed. 1968).

■ The timeliness of the motion to vacate is not here involved. The questions are (1) whether the facts of this case present a proper reason under Rule 60(b) for vacating the order of abatement, and (2), if so, whether the trial court did in fact exercise its discretion in denying the motion to vacate. We are not here concerned with the applicability of any of the specific reasons for relief recited in the first five (5) clauses of the rule, but concern ourselves with the question of whether the facts constitute any "other reason" within the contemplation of residual clause (6). As stated in Klapprott v. United States, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949), which was quoted with approval in Perez v. Perez, 75 N.M. 656, 409 P.2d 804 (1966): "* * * In simple English, the language of the 'other reason' clause, for all reasons except the five particularly specified, vests power in courts adequate to enable them to

vacate judgments whenever such action is appropriate to accomplish justice."

The liberality with which Rule 60(b), and particularly Clause (6) thereof, should be applied is stated as follows in 7 Moore, Federal Practice, ¶60.27[1], at 295 (2d ed. 1968):

"* * * Like Rule 60(b) generally, clause (6) should be liberally applied to situations not covered by the preceding five clauses so that, giving due regard to the sound interest underlying the finality of judgments, the district court, nevertheless, has power to grant relief from a judgment whenever, under all the surrounding circumstances, such action is appropriate in the furtherance of justice."

The sole reasons given by counsel for defendants, in their motions to abate the present suit, were the pendency of the other suit in Bernalillo County involving the same factual and legal questions, and that plaintiff was an indispensable party to that other suit. The court sustained these motions.

Plaintiff then sought to intervene in that suit, but Avery and Martin proceeded to settle their differences and have that suit dismissed with prejudice, without giving any notice thereof to plaintiff or its attorney. Thus, before plaintiff could intervene in that prior suit, the pendency of which was the sole basis for abating the instant suit, that prior suit was concluded and dismissed with prejudice, without notice to and opportunity of plaintiff to be heard and to present its claim.

■ We are unable to say that these were not such "exceptional circumstances" as would have justified the trial court, in the exercise of its sound discretion, in vacating the order of abatement. See Perez v. Perez, supra; Battersby v. Bell Aircraft Corporation, 65 N.M. 114, 332 P.2d 1028 (1958). We are unable to discern why the circumstances in Perez v. Perez, supra, presents a greater reason for the exercise of discretion, or a more appropriate ground

for the furtherance of justice, than do the circumstances in this case.

We are of the opinion that the circumstances of this case are such as are contemplated by Rule 60(b), and that it was the duty of the trial court to exercise its sound judicial discretion in ruling on the motion to vacate the order of abatement. Thus, if the trial court did not deny the motion as an exercise of sound judicial discretion, but did so upon a mistaken belief as to the legal effect on plaintiff's claim of the settlement and dismissal of the Bernalillo County suit, then the court committed reversible error. Vernon Company v. J. C. Reed, 78 N.M. 554, 434 P.2d 376 (1967).

It is apparent from a reading of the order of October 19, 1967 denying the motion to vacate the order of abatement, as well as a reading of a subsequent order of November 9, that the court construed the legal effect of the settlement made by defendants, and the subsequent dismissal of the Bernalillo County suit pursuant to that settlement, as a settlement binding on plaintiff and as an adjudication of its rights as subrogee and assignee of a portion of Avery's claim against Martin and Lease. The court was in error in so construing the effect of the settlement and the dismissal of the Bernalillo County suit.

█ The defendants, and particularly Martin and Lease, the appellees herein, had full knowledge of plaintiff's claimed rights, because they entered their appearance in the present case, filed a motion to abate this case because of the prior pending suit, and contended plaintiff was an indispensable party to that prior suit. Under these circumstances, Avery, the plaintiff's insured, was in no position to settle the claimed rights of plaintiff as subrogee and assignee of a portion of his claim against Martin and Lease. The settlement was not binding on plaintiff, who in no way participated therein, and the Bernalillo County Court could not have adjudicated plaintiff's rights, because plaintiff was not a party to that suit. See Armijo v. Foundation Reserve Insurance Company, 75 N.M. 592, 408 P.2d 750

(1965); Sellman v. Haddock, 62 N.M. 391, 310 P.2d 1045 (1957). See also Nickell v. United States, etc., 355 F.2d 73 (10th Cir. 1966); 6 Appleman, Insurance Law and Practice, § 4092, at 580, 584 (1942); Annot., 92 A.L.R.2d 102, § 5, at 124 (1963).

The orders of October 19 and November 9, 1967, are reversed and the cause is remanded to the district court for a ruling on plaintiff's motion of October 2, 1967, to vacate the order of abatement entered on February 10, 1967, consistent with the exercise of the court's sound judicial discretion and with this opinion.

It is so ordered.

SPIESS, C. J., and ARMIJO, J., concur.