509 P.2d 897

Abby SOMERSTEIN, Plaintiff-Appellant,

v.

Phyllis GUTIERREZ et al., Defendants-Appellees.

No. 1041.

Court of Appeals of New Mexico.

April 20, 1973.

Joseph D. Beaty, Donald Klein, Jr., Albuquerque, for plaintiff-appellant.

Jerrald J. Roehl, James T. Paulantis, Iden & Johnson, Albuquerque, for defendants-appellees Toni Preston and Rhodes Dept. Store.

## OPINION

WOOD, Chief Judge.

■ This is a malicious prosecution case. One of the elements to be proved, by a preponderance of the evidence, is that no probable cause existed for the prosecution. Meraz v. Valencia et al., 28 N.M. 174, 210 P. 225 (1922). The trial court dismissed plaintiff's complaint, with prejudice, at the close of all the evidence. It did so on the basis that " . . . Plaintiff did not prove that the Defendants [Preston and Rhodes Department Store] acted without probable cause in initiating or procuring the arrest of the Plaintiff. . . . " Defendant Gutierrez had been dismissed previously on plaintiff's motion. The issue is the propriety of the trial court's probable cause ruling as to Preston and Rhodes.

Rhodes, through its employees, had gathered information indicating that plaintiff had falsely used a Rhodes credit card issued to the husband of Mrs. Gutierrez. One of Rhodes' employees had notified the police.

A police detective investigated the false use of the Gutierrez credit card. On the basis of his investigation, the detective concluded that plaintiff was guilty of falsely using the credit card and that criminal charges should be filed.

A criminal charge was filed by Mrs. Preston on behalf of Rhodes. The charge was subsequently dismissed on motion of the assistant district attorney. Plaintiff then sued for damages for malicious prosecution.

At the close of the evidence the defendants moved either for a non-suit or a directed verdict on the basis that plaintiff had failed to establish lack of probable cause.

All parties agreed that the question of probable cause was a matter to be determined by the court. The court then ruled the defendants did not act without probable cause. There was no argument from plaintiff as to what might establish the lack of probable cause, either as a matter of fact or as a matter of law, prior to the trial court's ruling.

Rhodes, in gathering its information about the false use of the Gutierrez credit card had asked for, and Mrs. Gutierrez had supplied, samples of plaintiff's handwriting. Rhodes did not have an analysis made of these samples. Plaintiff asserts the trial court's ruling on probable cause was erroneous; she contends Preston and Rhodes had " . . . a duty to have a comparison handwriting analysis done before they could have probable cause to initiate criminal proceedings. . . . "

In gathering its information, Rhodes obtained Mrs. Gutierrez' written statement in which she stated she "believed" plaintiff

was the one who used the credit card. Mrs. Gutierrez had also indicated that the guilty party might be someone other than plaintiff. Rhodes attempted once, by phone, to contact plaintiff but was unable to reach plaintiff because her phone had been disconnected. On the basis of the foregoing— the failure to have a handwriting analysis, Mrs. Gutierrez' equivocal identification of plaintiff and the failure to contact plaintiff before charges were filed—plaintiff asserts Preston and Rhodes " . . . were on notice that they should have made further investigation before filing criminal charges. . . ."

On the basis of the contentions stated in the two preceding paragraphs, plaintiff asserts the trial court's ruling as to probable cause was erroneous. We disagree for two reasons.

■ First, the contentions relied on by plaintiff were stated after the trial court's ruling. The transcript shows that when these contentions were stated, plaintiff was speaking "[f]or the record." The transcript does not show that a ruling of the trial court was invoked on these contentions. The trial court had ruled before the contentions were stated; there was no further ruling after they were stated. " . . . No ruling of the trial court having been invoked on this issue, it is not before us for review. Barnett v. Cal M, Inc., 79 N.M. 553, 445 P.2d 974 (1968) . . . . " Dahl v. Turner, 80 N.M. 564, 458 P.2d 816, 39 A.L.R.3d 207 (Ct.App.1969).

■ Second, the essence of plaintiff's appellate argument is that the absence of a comparative handwriting analysis and the asserted need for further investigation shows a lack of probable cause as a matter of law. The answer is that there is substantial affirmative evidence that Preston and Rhodes had probable cause; that is, an honest belief in the guilt of the accused, based on reasonable grounds. Marchbanks v. Young, 47 N.M. 213, 139 P.2d 594 (1943). One item of this evidence is that Mrs. Vigil, a saleslady, had identified plaintiff as the person who used the Gutierrez credit card.

At most, the items relied on by plaintiff raise a conflict in the evidence on the issue of probable cause. With this conflict, the trial court could not have properly ruled there was an absence of probable cause as a matter of law.

Plaintiff's appeal is without merit. In so holding, we caution that we express no opinion on the procedure followed in this case. It is not clear on what basis the trial court determined probable cause. The judgment recites that having considered all the evidence, the trial court "finds and concludes as a matter of law" that plaintiff failed to prove Preston and Rhodes acted without probable cause. We do not know whether this ruling was on the basis (a) of a finding of fact from disputed facts or (b) as a matter of law from undisputed facts. We only know that the trial court ruled after the parties agreed it should do so, and that no issue is raised as to whether the ruling was one of fact or law. See Yucca Ford, Inc. v. Scarsella (Ct.App.), 85 N.M. 89, 509 P.2d 564, decided March 16, 1973, certiorari denied April 10, 1973, 85 N.M. 86, 509 P.2d 561.

The judgment is affirmed.

It is so ordered.

LOPEZ, J., concurs.

SUTIN, J., specially concurs.

SUTIN, Judge (specially concurring).

I specially concur in the majority opinion.

On April 10, 1973, the Supreme Court 85 N.M. 86, 509 P.2d 561 denied certiorari in Yucca Ford, Inc. v. Scarsella (Ct.App.) 85 N.M. 89, 509 P.2d 564, decided March 16, 1973. By denying certiorari, the Supreme Court decided the *Yucca* opinion is not in conflict with a decision of the Supreme Court. Section 16-7-14, N.M.S.A. 1953 (Repl. Vol. 4).

The majority opinion in *Yucca* said:

In our opinion, there is no conflict in the above cited New Mexico decisions.

The concurring opinion in *Yucca* sets forth citations from four cases which are

in direct conflict with *Yucca*. A suggestion was made that certiorari "be granted to establish a clear and sensible rule, and not leave the rule vague and indefinite." The Supreme Court refused.

In the present case, the following proceedings occurred at the close of all the evidence on the issue of whether the defendant acted without probable cause:

COURT: Now, gentlemen, the defendants claim that this is a matter to be determined by the court as opposed to a matter for the jury to determine.

MR. PAULANTIS: Some of the cases so indicate—

MR. ROEHL: Yes, two New Mexico cases indicate that. They are Hughes versus—

COURT: Are they malicious prosecution cases?

MR. ROEHL: Yes. They are Hughes versus Van Bruggen.

MR. BEATY: I believe it does, that case does say that.

[Bokum v. Elkins is also cited]

\* \* \* \* \* \*

THE COURT: So you both concur then that this is a matter to be determined by the court?

MR. BEATY: Under the existing case law. . . .

A famous quotation says, "The law protects everybody who can hire a good lawyer." But a good lawyer can be misled by four Supreme Court opinions rendered from 1943 to 1960, so that the law does not protect anybody.

Unfortunately, in this court, the parties cannot change "positions as nimbly as if dancing a quadrille."