610 P.2d 222

Katherine MALDONADO, Plaintiff-Appellant,

and

Allstate Insurance Company, Plaintiff in Intervention-Appellee,

v.

Linda HANEY and Ray Haney, Defendants.

No. 4178.

Court of Appeals of New Mexico.

April 8, 1980.

Lorenzo A. Chavez, Martin J. Chavez, Albuquerque, for plaintiff-appellant.

Robert W. Casey, Carian & Casey, Albuquerque, for Allstate Ins. Co.

## OPINION

WALTERS, Judge.

Plaintiff was awarded a $3,000 jury verdict for injuries and pain and suffering. From that amount, the trial court entered judgment in favor of the plaintiff in intervention (plaintiff's insurer Allstate), in the sum of $717.60 as its subrogated claim for expenses paid to or on plaintiff's behalf.

Plaintiff appeals the action of the trial court, contending that there was no proof offered by Intervenor on the amount claimed; therefore, the court had no authority to reduce her jury award by the amount of Intervenor's claim.

■ Under ordinary circumstances we would be inclined to agree with plaintiff, and we have no quarrel with the general rule that a subrogee must establish the elements of its claim. *See* 73 Am.Jur.2d 690, § 141 (1974). In the instant case, however, Allstate was not allowed to present its claim to the jury, even though the trial court had ordered that it be joined as a plaintiff in intervention. The pre-trial order lists Allstate as a party, and discloses that Allstate was prepared to call witnesses and prove its subrogation claim as a full participant at trial.

Counsel for plaintiff and for Allstate signed and filed a Stipulation of Statement of Facts and Proceedings wherein it was agreed that, by order of the trial court, (1) Intervenor Allstate's subrogation rights including attorneys fees, would be protected by the court; (2) Intervenor was prohibited by the court from participating in the case; (3) Intervenor would not be permitted to introduce evidence of medical expenses paid, and (4) Defendants admitted liability on the day of trial.

It is thus apparent that notwithstanding the pre-trial order showing Allstate as a party litigant, a later order of the trial court (not a part of the record other than as shown in the Stipulation) modified the pre-trial order to exclude Intervenor as a trial participant and to recognize, accept, and *protect* the amount it claimed in subrogation. According to the Stipulation, the trial court assured Intervenor its subrogation rights "would be *protected* by court order."

Allstate's complaint in intervention claimed $733.60 as the amount of medical expenses paid by it on behalf of plaintiff. Its complaint was filed against both plaintiff and defendants. Defendant answered and denied any liability to Allstate; plaintiff never filed an answer.

■ Nobody objected to the trial court's proposed method of controlling the proceedings. Nobody should be heard to complain now on appeal. The well-established rule is that to preserve a question for review, the record must show that a ruling by the trial court was fairly invoked, Rule 11, N.M.R.App.P. (Civil), 1978; and that an issue raised for the first time on appeal will not be considered by the reviewing court. *Phillips v. United Serv. Auto. Ass'n*, 91 N.M. 325, 573 P.2d 680 (Ct.App.1977). Defendants paid to Intervenor the amount Intervenor claimed in subrogation; thus defendants do not complain. Intervenor did

not appeal, being satisfied with the way its claim was to be "protected." Only plaintiff appeals, attempting by her failure to produce evidence on the amount of Intervenor's claim, to benefit by her own disregard of her role, if necessary, in fulfilling the promise of the court to the Intervenor. The sole purpose of Intervenor's exclusion from trial was to remove consideration of insurance from the jury. That exclusion redounded only to the benefit of plaintiff. Not having objected to the court's order regarding protection of Allstate's claim at the time it was made, plaintiff acquiesced in the procedure outlined by the court and has no basis to object now. She became obligated, under the ruling of the court, to assume the proofs of Intervenor if she did not want its claimed amount for medical expenses, *not denied by plaintiff*, deducted from any award made by the jury, since that amount in deduction is exactly what the court disclosed prior to trial that it would order if a recovery were had.

The trial court must clearly be alerted to error. Matters not called to the attention of the trial court, if not jurisdictional, cannot be raised for the first time on appeal. *Somerstein v. Gutierrez*, 85 N.M. 130, 509 P.2d 897 (Ct.App.1973).

Plaintiff argues she was not required to *appeal* from the trial court's order governing procedure because she was not prejudiced by Intervenor's exclusion at trial. Of course she wasn't. She confuses non-appeal from the order regulating trial procedure with failure to object to the intentions stated by the court regarding Intervenor's protected status.

We will not permit a litigant to sit back with complacence until the trial court puts its orders into effect, with the intention of sandbagging the trial court on appeal. The case went to trial with plaintiff in a default position insofar as Intervenor's claim against her and defendants alleged its entitlement to subrogation for moneys paid to plaintiff. Subrogation being an equitable remedy and subject to equitable principles, *White v. Sutherland*, 92 N.M. 187, 585 P.2d 331 (Ct.App.1978), Intervenor may not be

deprived of its right to collect from defendants what it paid on behalf of plaintiff when plaintiff, either by cleverness or ineptitude, avoids the responsibility of proving those damages which inhered in the trial court's exclusion of Intervenor from the trial proceedings. In other words, equity regards that as done which ought to be done. *Logan v. Emro Chemical Corporation*, 48 N.M. 368, 151 P.2d 329 (1944). Plaintiff's failure to deny Intervenor's allegations was to recognize in Intervenor its equitable right to recover medical expenses paid on her behalf. Aware that such expenses were to be "protected" in any award granted to her, if plaintiff did not intend to prove Intervenor's case so as to recover an amount reflective of *all* damages incurred, she waived any objection she might have had to the manner in which the award was apportioned.

The case should be remanded and the judgment modified only to require the trial court to determine the proportionate amount of attorney fees Intervenor should contribute to plaintiff's successful efforts in recovering Intervenor's claim, and to affirm in all other respects.

IT IS SO ORDERED.

ANDREWS, J., concurs.

LOPEZ, J., dissents.

LOPEZ, Judge (dissenting).

I dissent.

The issue on appeal is whether an insurance company, which has become a plaintiff in intervention, is entitled to the amount of its claimed subrogation out of the damages awarded its insured in a suit by the insured against a third party tortfeasor, when no evidence of the medical expenses to which the insurer is subrogated has been presented to the jury. The record does not indicate any agreement between plaintiff and the insurance company as to the conduct of the case or the sharing of fees and expenses. I would hold that when the insurer and its insured have not agreed before trial concerning proof at trial and the allocation between them of fees and expenses, and the

insured offers no evidence at trial of the medical expenses which had been paid by the insurance company, the company must either itself present such evidence, or take nothing from the damages the insured wins.

Maldonado filed suit against the Haneys for injuries sustained as the result of an automobile collision. Since Allstate Insurance Company had already paid $717.60 for her medical expenses pursuant to an insurance policy, Allstate was joined as a plaintiff in intervention. At a pre-trial conference, after Allstate had filed its complaint in intervention, the court ordered Allstate not to participate in the trial, ruling that it would protect Allstate's rights, including attorneys' fees by court order. Consequently, the insurance company was not present at trial, or otherwise represented in court, and no evidence establishing the amount of its claimed subrogation was tendered. Plaintiff limited her evidence to her injuries, pain and suffering; she submitted no evidence of her medical expenses. The sole issue before the jury was the proper amount of damages, the defendants having admitted negligence. From the jury verdict for plaintiff, the court awarded Allstate its subrogation claim.

Allstate argues that we cannot consider the propriety of the court's order excluding it from participating in the trial and promising to protect its rights, because Maldonado failed to preserve the issue for appeal by objecting below. I believe the error was preserved.

The trial court must be clearly alerted to a claimed non-jurisdictional error to preserve it for appeal. *Barnett v. Cal M Inc.*, 79 N.M. 553, 445 P.2d 974 (1968). The trial court has been alerted to non-jurisdictional error when it has listed the issue as contested in its pre-trial order. Error is preserved when a pre-trial order lists an issue as contested. *Williams v. Town of Silver City*, 84 N.M. 279, 502 P.2d 304 (Ct.App.), *cert. denied*, 84 N.M. 271, 502 P.2d 296 (1972). The pre-trial order in the case before us lists as an issue of law contested by plaintiff the question of whether, from the damages awarded plaintiff for injuries, pain and suf-

fering, the amount claimed by the intervenor as reimbursement for medical expenses it paid for the plaintiff can be deducted. The issue was preserved for appeal.

An intervenor has the same burden of proving his position as he would have if he had been one of the original parties in the suit.

[T]he same rule respecting the burden of proof applies to him [the intervenor] as to other litigants. If he tenders an affirmative issue which is met with a denial, he must assume the burden of proof.

59 Am.Jur.2d *Parties* § 183, at 623 (1971). Allstate alleged in its complaint in intervention that it paid $733.60 on behalf of plaintiff for her injuries arising from the accident and that it was subrogated to that claim. The defendants denied these allegations. It was Allstate's burden to offer evidence of the truth of its assertions. This does not mean that Allstate and plaintiff could not have agreed that plaintiff would offer this evidence; it does mean that the plaintiff had no duty to prove Allstate's claim unless she had voluntarily assumed that duty.

Under New Mexico law, an insurance company which claims to be entitled to subrogation is an indispensable party in a suit by its insured against a third party tortfeasor. *Sellman v. Haddock*, 62 N.M. 391, 310 P.2d 1045 (1957). This having been brought to the court's attention, it ordered Allstate joined as a party. Although Allstate intervened in the case involuntarily, the burdens attendant upon intervention are the same regardless of whether the party is there voluntarily or whether he was joined as an indispensable party. In either case, he is there to protect his own interests; he is there precisely because it is not thought that the other parties will or can protect his interest for him.

Subrogation is an equitable remedy. *White v. Sutherland*, 92 N.M. 187, 585 P.2d 331 (Ct.App.), *cert. denied*, 92 N.M. 79, 582 P.2d 1292 (1978).

[The doctrine of subrogation] originates in the general principles of equity, and will be applied or not according to the

dictates of equity and good conscience and consideration of public policy. Such doctrine is founded upon the relationship of the parties and upon equitable principles, for the purpose of accomplishing the substantial ends of justice.

6A Appleman, *Insurance Law and Practice* § 4054, at 142–43 (1972), *quoted in United States Fidelity & Guaranty Co. v. Raton Natural Gas Co.*, 86 N.M. 160, 162–63, 521 P.2d 122, 124–25 (1974). Where it is not equitable for the insurance company to recover the full amount of the claim to which it is subrogated, its recovery is limited. *Sutherland.*

Similarly, in many jurisdictions, when the insured has gone to trial and proven damages, some of which rightfully belong to the insurance company because it has already recompensed the insured for that loss, it is inequitable to allow the insurance company to obtain from the insured the amount of its subrogation claim without requiring the company to pay its proportionate share of the expenses of the litigation, including attorneys' fees. *United Services Automobile Association v. Hills*, 172 Neb. 128, 109 N.W.2d 174 (1961); *State Farm Mutual Automobile Insurance Co. v. Clinton*, 267 Or. 653, 518 P.2d 645 (1974); *State Farm Mutual Automobile Insurance Co. v. Geline*, 48 Wis.2d 290, 179 N.W.2d 815 (1970); *see, Hedgebeth v. Medford*, 74 N.J. 360, 378 A.2d 226 (1977); *Pena v. Thorington*, 23 Wash.App. 277, 595 P.2d 61 (1979). In the case before us, however, the insured plaintiff did not prove any damages to which the insurance company was subrogated.

When an insured plaintiff sues a third party tortfeasor, the insurance company not participating, and the plaintiff proves and recovers damages for losses other than the losses paid by the insurance company, the company is not entitled to subrogation. *Newcomb v. Cincinnati Insurance Co.*, 22 Ohio St. 382, 10 A.Rep. 746 (1872). That court wrote:

> Where the assured, as in the case of partial insurance, sustains a loss, in excess of the reimbursement or compensation by the underwriter, he has an undoubted right to have it satisfied by action against the wrong-doer. But if, by such action there comes into his hands, any sum for which, in equity and good conscience, he ought to account to the underwriter, reimbursement will, to that extent, be compelled in an action by the latter, based on his right in equity to subrogation. But the assured will not, in the forum of conscience, be required to account for more than the surplus which may remain in his hands, after satisfying his own excess of loss in full, and his reasonable expenses incurred in its recovery; *unless the underwriter shall, on notice and opportunity given, have contributed to and made common cause with him, in the prosecution.* [Emphasis added.]

Id. at 388, 10 Am.Rep. at 750–51.

I believe that the result in *Newcomb* is equitable in the case before us. The underwriter, Allstate, had notice of the suit by the plaintiff against defendants. Indeed, it was a party to the suit. It had opportunity to contribute to and make common cause with the plaintiff. It did not do so, but rested in the umbrage of a court order that promised to protect its interests without any participation on its part. The court was without power to make such an order. It cannot relieve the insurance company of its burden of proof as an intervenor and force the plaintiff to shoulder that burden. Having been prohibited by court order from direct participation in the trial, Allstate had the options of seeking to stay the order, of coming to an agreement with the plaintiff concerning the conduct and expense of the trial, or of doing nothing. It chose the latter course, and cannot now complain because the plaintiff failed to prove its claim.

I would reverse the judgment of the trial court and have a judgment entered for the plaintiff for $3,000 with nothing to the plaintiff in intervention.