752 P.2d 797

**FARMERS INSURANCE GROUP OF COMPANIES, Plaintiff–Appellant,**

v.

**Raymond MARTINEZ, Defendant–Appellee.**

**No. 10308.**

Court of Appeals of New Mexico.

March 1, 1988.

Ruth J. Thomas, Winchester & Thomas, Ltd., Las Cruces, for plaintiff-appellant.

Lawrence M. Pickett, Pickett & Holmes, Las Cruces, for defendant-appellee.

## OPINION

APODACA, Judge.

Plaintiff Farmers Insurance Group of Companies (insurer) appeals the trial court's order dismissing insurer's complaint against defendant Raymond Martinez (tortfeasor). The dismissal was based on res judicata principles. We reverse the order of dismissal and remand for an evidentiary hearing.

The chronology giving rise to this appeal is as follows: Katherine Barreras (insured) filed suit against tortfeasor for damages arising from an automobile accident. The suit was dismissed with prejudice after insured notified the trial court that she desired to dismiss the case and would not appear at the scheduled trial. Later, insurer filed suit against tortfeasor. This suit joined insured as a party plaintiff and claimed damages resulting from the same automobile accident. Insurer alleged it had paid insured for the damages she suffered in the accident and that as a result, had become subrogated to any rights insured may have had against tortfeasor.

Tortfeasor filed a motion to dismiss, claiming insured's prior action against him was res judicata with respect to insurer and insured's claims against tortfeasor in the second suit. Insurer then dismissed insured from its lawsuit, but opposed the motion to dismiss. The trial court granted tortfeasor's motion to dismiss, ruling that insured's prior action against tortfeasor barred insured's subsequent action against him.

Three calendar notices have been filed in this appeal. Our third calendar notice proposed to reverse and remand to the trial court for an evidentiary hearing. The calendar notice also stated that it appeared that if the facts had been put before the trial court at all, it was in the form of argument of counsel and not evidence. Such argument alone cannot provide the basis for dismissing a case. *See Phillips v. Allstate Ins. Co.*, 93 N.M. 648, 603 P.2d 1105 (Ct.App.1979). Tortfeasor did not file a memorandum in opposition to our third calendar notice.

Insurer's asserted right to recover from tortfeasor is based on the concept of subrogation. Subrogation, whether created by contract or by operation of law, is an equitable remedy and equitable principles control its application. *State Farm Mut. Auto. Ins. Co. v. Foundation Reserve Ins. Co.*, 78 N.M. 359, 431 P.2d 737 (1967). A subrogation case based on facts as found in this appeal is properly analyzed under the law governing such claims and not under ordinary res judicata principles. In considering what effect an insured's settlement with a tortfeasor may have on the insurer's subrogation rights, courts have applied a three-pronged test incorporating equitable principles. The same test should apply to situations, as here, where insured dismissed her lawsuit against tortfeasor voluntarily. The effect of such action is the same; the tortfeasor may be released from all liability potentially arising from the incident upon which the lawsuit is based. Thus, we will apply the test to this appeal.

If an insured settles with a tortfeasor *before* an insurer has paid damages to the insured, the insurer's subrogation rights are destroyed and the settlement is a bar to a suit by the insurer against the tortfeasor. *March v. Mountain States Mut. Casualty Co.*, 101 N.M. 689, 687 P.2d

1040 (1984). If an insured files suit against, and settles with, the tortfeasor *after* receiving payment from the insurer, and the tortfeasor had knowledge of that payment or of the insurer's subrogation claim, the settlement will not be a bar to the insurer's suit against the tortfeasor. *United States Fidelity & Guar. Co. v. Raton Natural Gas Co.*, 86 N.M. 160, 521 P.2d 122 (1974); 16 M. Rhodes, *Couch on Insurance 2d* § 61:201 (Rev. ed. 1983). If, on the other hand, an insured files suit against, and settles with, the tortfeasor after receiving payment from the insurer, and the tortfeasor had no notice or knowledge of that payment or of the insurer's subrogation claim, the settlement will bar the insurer's suit against the tortfeasor. *State Farm Mut. Auto. Ins. Co. v. Sanditen*, 701 P.2d 876 (Colo.App.1985); M. Rhodes, *supra*, at § 61:203. If the insurer's suit is barred under one of the circumstances described above, then the insurer is relieved of responsibility to pay damages to the insured, or can file an action against the insured for the destruction of its subrogation rights. *March v. Mountain States Mut. Casualty Co.; Melick v. Stanley*, 174 N.J. Super. 271, 416 A.2d 415 (1980).

In *United States Fidelity & Guaranty Co.*, the supreme court refused to bar a suit by an insurer against a third-party tortfeasor when the insurer had paid the insured's claim, the tortfeasor had knowledge of that payment, and the tortfeasor had settled a lawsuit brought by the insured after that payment had been made. The court held that the insurer was an indispensable party to the insured's lawsuit and that it would be inequitable to allow the insurer's subrogation rights to be defeated in a lawsuit to which it should have been a party. The court also held that the single cause of action rule, which is a form of res judicata (*see Three Rivers Land Co. v. Maddoux*, 98 N.M. 690, 652 P.2d 240 (1982), *overruled on other grounds*), would not bar the insurer's lawsuit. Both holdings in *United States Fidelity &*

*Guaranty Co.* were premised on the fact that the tortfeasor had knowledge of the insurer's payment to the insured and, thus, of its subrogation rights. To our knowledge, no New Mexico court has considered a situation in which the tortfeasor, without knowledge of the insurer's payment, settled with the insured after the insured had been paid by the insurer. Yet, as we noted, authority from other jurisdictions supports the proposition that in such a case, the insurer's lawsuit against the tortfeasor would be barred. *See State Farm Mut. Auto. Ins. Co. v. Sanditen;* M. Rhodes, *supra*, at § 61:203. It is clear that the tortfeasor's knowledge of the insurer's payment and subrogation claim is crucial to the application of res judicata in such cases.

■ In this appeal, there are no trial court findings in the record on the question of when insured received payment from insurer. We are unable to determine whether insured received such payment before her prior action was dismissed with prejudice or afterward. Similarly, there are no findings regarding tortfeasor's knowledge of insurer's payment to the insured at the time the prior lawsuit was dismissed. We therefore reverse the trial court's order of dismissal and remand for an evidentiary hearing and findings to determine whether tortfeasor had such knowledge at the relevant time, and for the entry of an appropriate judgment consistent with such findings and this opinion.

IT IS SO ORDERED.

DONNELLY, C.J., and ALARID, J., concur.