771 P.2d 982

**In re the Matter of the FORFEITURE OF ONE 1980 HONDA ACCORD, VIN # SME–2157888, N.M. LICENSE # HRH180.**

**No. 10790.**

Court of Appeals of New Mexico.

Dec. 15, 1988.

Certiorari Quashed March 6, 1989.

Phyllis I. Hedges, Asst. Co. Atty., Incorporated County of Los Alamos, Los Alamos, for Los Alamos County.

Thomas J. Cruse, Griffith, Boone and Cruse, Los Alamos, for claimant William J. Ferrell.

OPINION

ALARID, Judge.

Following a search of a 1980 Honda Accord that produced twelve baggies containing marijuana, the county of Los Alamos filed a complaint for forfeiture of the vehicle. *See* NMSA 1978, § 30–31–35(D) (Repl.Pamp.1987). William J. Ferrell answered the complaint and asserted as a defense violation of constitutional rights. The trial court entered an order for default judgment and default judgment forfeiting the vehicle. The judgment and order were entered as a sanction for claimant's willful failure to comply with a discovery order issued by the district- court. Claimant appeals from these orders and judgment and denial of his motion for reconsideration.

After the appeal was docketed and calendared, the county moved to dismiss the appeal. The basis for the motion to dismiss was the county's assertion that the judgment of forfeiture had been executed upon and title to the Honda transferred to the county. Attached to the motion was an affidavit indicating that title had been transferred, that the vehicle is now in the possession and control of the Los Alamos Police Department, and that it is being used in the enforcement of the New Mexico Controlled Substances Act.

Upon receipt of the motion to dismiss, this court issued a calendar notice proposing to dismiss the appeal for lack of jurisdiction. We relied on a prior case decided by this court that addressed the issue of loss of jurisdiction in forfeiture cases. *See In re Forfeiture of Monies in the Amount of $999,960.00,* Ct.App. No. 10,383 (Filed April 12, 1988). The opinion in that case, however, has been withdrawn from publication and no longer has precedential value. We dismiss the appeal on the ground that the execution on the judgment divested the district court and this court of jurisdiction.

■ Forfeiture cases such as this one are purely *in rem* proceedings. *United States v. $57,480.05 United States Currency & Other Coins*, 722 F.2d 1457 (9th Cir. 1984). In forfeiture cases, execution on the judgment resulting in the removal of the *res* from the control of the district court deprives the court of its *in rem* jurisdiction. *See United States v. United States Currency in the Amount of $110,-000.00*, 735 F.2d 326 (9th Cir.1984); *United States v. $57,480.05 United States Currency & Other Coins.*

An exception to this rule occurs when the *res* is released accidentally, fraudulently or improperly. *United States v. $57,480.05 United States Currency & Other Coins;* see also *American Bank of Wage Claims v. Registry of Dist. Ct. of Guam*, 431 F.2d 1215 (9th Cir.1970). The fact that claimant may have not been informed of the execution on the judgment does not render the release fraudulent or improper. *See United States v. $79,000 in United States Currency*, 801 F.2d 738 (5th Cir.1986) (government's notification to claimants of transfer of forfeited monies to Customs Service, five months after judgment and ninety days after receiving notice of appeal, did not render transfer fraudulent or improper; appeal dismissed for lack of jurisdiction). In the present case, there is no claim that the vehicle was released accidentally, fraudulently or improperly.

Claimant points to the fact that the vehicle was in the possession of the Los Alamos County Police Department when the forfeiture action was filed, and remains in the Department's possession. Further, he argues the vehicle is still located within the territorial jurisdiction of the district court. These facts, however, are immaterial to the jurisdictional question at issue in this case. The question to be answered in determining jurisdiction in *in rem* cases is whether the court has control over the *res*. *See United States v. $57,480.05 United States Currency & Other Coins.*

The district court was granted control over the vehicle in this case by the filing of the forfeiture action. *See* NMSA 1978, § 30–31–35(D) (property taken under forfei- ture statute is deemed to be in the custody of the law enforcement agency seizing it, *subject only to the orders and decrees of the district court*). The district court retained that control during the pendency of the proceedings. Upon execution of the judgment, the vehicle was removed from the district court's control, extinguishing the court's *in rem* jurisdiction. *See United States v. United States Currency in the Amount of $110,000.00* (Drug Enforcement Agency was appointed substitute custodian of currency; upon execution of judgment, court lost jurisdiction); *United States v. $57,480.05 United States Currency & Other Coins* (release of the *res* following judgment ends a court's jurisdiction because the power of the court is derived entirely from its control over the *res*).

*Strong v. United States*, 46 F.2d 257 (1st Cir.1931), cited by claimant, does not hold otherwise. That case states that jurisdiction depends on actual or constructive possession by the court. Constructive possession, however, lasts only as long as the court retains control over the *res*. *See United States v. $57,480.05 United States Currency & Other Coins.* As we have stated, by executing on the judgment and transferring the title of the vehicle, the county removed the *res* from the court's control and ended the court's constructive possession of the vehicle.

Claimant argues that the result we reach is contrary to two supreme court cases, and that we must follow the supreme court cases. *See Bank of Santa Fe v. Honey Boy Haven, Inc.*, 106 N.M. 584, 746 P.2d 1116 (1987); *Higgins v. Fuller*, 48 N.M. 215, 148 P.2d 573 (1943). Those cases were actions in which ownership or possession of real estate was at stake. In each case, the supreme court held that appellants did not need to post a supersedeas bond to preserve their right to appeal. By requiring appellants in forfeiture actions to obtain a stay of execution of the forfeiture judgment, maintains claimant, we are creating an exception to the rule established in these cases.

We do not agree that *Honey Boy* and *Higgins* are controlling authority in this or

other forfeiture cases. Neither case was a purely *in rem* case. The complaint in *Honey Boy* included a claim for collection of a debt, and *Higgins* was based on alleged fraud committed by the defendant. Therefore, the court's jurisdiction in both cases was based on personal jurisdiction over the parties as well as, possibly, *in rem* jurisdiction over the property involved. As a consequence, there was no reason for either opinion to discuss jurisdictional issues present in a purely *in rem* case, and neither opinion did so. This forfeiture case, on the other hand, is a purely *in rem* matter, and the trial court's and this court's jurisdiction depends entirely on jurisdiction over the *res* of the action. *See United States v. $57,480.05 United States Currency & Other Coins* and other cases discussed above. Since the supreme court decisions discussed above were not such cases and did not even mention the issue upon which this decision is based, they cannot be controlling authority.

Claimant argues that we should remand this case to the district court so that the district court could issue a stay preventing the county from disposing of the vehicle. As we have pointed out above, however, the district court lacks jurisdiction over the vehicle and cannot, therefore, issue a stay at this point in the proceedings. We note also that the federal courts have rejected the option of reviving jurisdiction by ordering the party in possession of the *res* after execution on the judgment to return it to the jurisdiction of the court. To order such return of the *res* would "implicitly erase the distinction between *in personam* and *in rem* jurisdiction and work an unprecedented extension of the latter." *American Bank of Wage Claims v. Registry of Dist. Ct. of Guam*, 431 F.2d at 1219; *see also United States v. 66 Pieces of Jade & Gold Jewelry*, 760 F.2d 970 (9th Cir.1985) (court lacked personal jurisdiction to order person holding property to return it; control over the *res* could have been protected by a stay pending appeal).

A review of the cases cited above indicates clearly that control over the *res* is crucial to maintaining *in rem* jurisdiction. In the present case, it was incumbent upon

claimant to obtain a stay of the judgment to preserve jurisdiction. *See United States v. $57,480.05 United States Currency & Other Coins; see also United States v. $2,490.00 in U.S. Currency*, 825 F.2d 1419 (9th Cir.1987); *United States v. One 1979 Rolls–Royce Corniche Convertible*, 770 F.2d 713 (7th Cir.1985). Since claimant failed to do so, and the county executed upon the forfeiture judgment, the district court and this court have been divested of jurisdiction.

Based on the foregoing, claimant's appeal is dismissed for lack of jurisdiction.

IT IS SO ORDERED.

BIVINS and MINZNER, JJ., concur.