801 P.2d 667

**STATE of New Mexico, ex rel. the NEW MEXICO STATE POLICE DEPARTMENT, Plaintiff–Appellee,**

v.

**ONE 1984 PONTIAC 6000, BLUE 4–DOOR BEARING CALIFORNIA LICENSE NO. 1JKB811, VIN NO.: 2G2AF19XOE1239511; and $87,000 United States Currency, Defendants–Appellants.**

No. 10634.

Court of Appeals of New Mexico.

July 31, 1990.

Certiorari Granted Sept. 6, 1990.

Hal Stratton, Atty. Gen., Albert Roland Fugere, Sp. Asst. Atty. Gen., Deputy Counsel, Dept. of Public Safety, Santa Fe, for plaintiff-appellee.

Ronald J. VanAmberg, Roth, VanAmberg, Gross, Amarant & Rogers, Santa Fe, for defendants-appellants.

## OPINION

APODACA, Judge.

Defendant Jorge Arias appeals the trial court's denial of his motion to set aside a default judgment forfeiting an automobile and United States currency. Four issues are raised on appeal: (1) whether the removal of the res has deprived this court of jurisdiction; (2) whether defendant's counsel's actions before default judgment was entered constituted an appearance entitling defendant to a three-day notice under SCRA 1986, 1–055(B); (3) whether the default judgment should be set aside as a matter of law for failure to provide the required three-day notice; and (4) whether, assuming the trial court had discretion to set aside the default judgment under SCRA 1986, 1–060(B), defendant pled a meritorious defense.

The first issue arose from this court's first calendar notice, in which we questioned our jurisdiction, given the fact that the res had already been removed from the trial court's control. *See In re Forfeiture of One 1980 Honda Accord,* 108 N.M. 274,

771 P.2d 982 (Ct.App.1988) (in forfeiture cases, execution on judgment resulting in removal of res from control of trial court deprives court of its in rem jurisdiction). We hold that default judgment was improperly entered and that, as a result, this court has jurisdiction to consider the appeal. We therefore reverse the trial court and remand for an order setting aside the default judgment.

The state filed its complaint seeking forfeiture in February 1987. That same month, by letter, defendant's Florida counsel notified the state that he represented defendant. Over the next few months, the parties' attorneys attempted to negotiate a settlement. Defendant's attorney signed an acceptance of service of process, which was filed in the trial court on July 27, 1987. Defendant never filed an answer or any other responsive pleading.

In September 1987, the state's attorney conveyed a written offer of settlement to defendant's counsel. The state's attorney also informed counsel that he had been directed "to take all steps necessary to fully litigate this matter." The state applied for a default judgment on September 22, 1987, and judgment was entered on that date. Neither defendant nor his counsel were given notice of the state's application for default judgment. The state executed on the default judgment before the filing on October 27, 1987 of defendant's motion to set aside the judgment. Defendant's motion was denied on March 25, 1988. It does not appear from the record before us that defendant moved to stay execution of the judgment.

■ Our initial calendar notice proposed to dismiss defendant's appeal on the ground that disposal of the res by execution on the judgment deprived this court of jurisdiction. Ordinarily, to preserve jurisdiction on appeal, a defendant must obtain a stay of execution of the judgment to prevent removal of the res from the trial court's control. *Devlin v. State ex rel. New Mexico State Police Dep't*, 108 N.M. 72, 766 P.2d 916 (1988); *In re Forfeiture of One 1980 Honda Accord.*

■ An exception to this rule arises if the res is released accidentally, fraudulently, or improperly from the court's control. *Id.* Where the res is released upon execution under a void default judgment, the court retains jurisdiction on the theory that the res has been "improperly" released. *See United States v. One 1979 Rolls–Royce Corniche Convertible*, 770 F.2d 713 (7th Cir.1985).

It thus becomes necessary for us to consider the validity of the default judgment before determining the jurisdictional issue. "Default judgments are disfavored by the law, as are litigants who attempt to take advantage of an opponent's surprise, mistake, neglect, or inadvertence." *Daniels Ins. Agency, Inc. v. Jordan*, 102 N.M. 162, 164, 692 P.2d 1311, 1313 (1984) (citation omitted). A party who has appeared in an action is entitled to written notice of an application for default judgment at least three days before the hearing on the application. R. 1–055(B). Where notice is required by Rule 1–055(B) but is not given, the default judgment must be set aside as a matter of law. *Rodriguez v. Conant*, 105 N.M. 746, 737 P.2d 527 (1987); *Mayfield v. Sparton Southwest, Inc.*, 81 N.M. 681, 472 P.2d 646 (1970).

■ In *Mayfield*, our supreme court adopted a liberal definition of the "appearance" required under Rule 55(B). There should be an " 'affirmative act requiring knowledge of the suit and an intention to appear.' " *Id.* at 682, 472 P.2d at 647 (quoting *Anderson v. Taylorcraft, Inc.*, 197 F.Supp. 872, 874 (W.D.Penn.1961). New Mexico has recognized that a "constructive appearance" may be found "when the defaulted party's overt actions show an intent to submit to the jurisdiction of the court." *Merrill v. Tabachin, Inc.*, 107 N.M. 802, 803, 765 P.2d 1170, 1171 (1988). However, the supreme court has refused to find that "inconclusive exchanges among attorneys, with nothing more, is a manifestation of appearance" for purposes of Rule 55(B). *Id.* at 804, 765 P.2d at 1172. *See also Biella v. State Dep't of Highways*, 652 P.2d 1100 (Colo.App.1982) (defendant's appearance for purposes of Rule 55(B) must

be responsive to plaintiff's formal court action and plaintiff's knowledge that defendant planned to resist suit was not sufficient).

▪ The state has not addressed the issue of whether defendant made a sufficient appearance to entitle him to the three-day notice. However, the record reflects that defendant's counsel filed an acceptance of service of process. Defendant's counsel, a non-resident attorney, filed the acceptance after repeated requests from state's counsel and in the course of settlement negotiations with the state. The state asked that the acceptance be filed so that it might avoid service by alternate means. We note that under Rule 1–055(E), no judgment by default may be entered where the party was only constructively served with process. Under these circumstances, if we do not view the acceptance of service of process by defendant's counsel as sufficient to require notice of the state's application for default, then the state nonetheless would have obtained a default judgment in a situation where defendant had indicated a clear intent to defend the suit. *Cf. Gengler v. Phelps*, 89 N.M. 793, 799, 558 P.2d 62, 68 (Ct.App.1976) (Sutin, J., specially concurring) ("the notice requirement is a device intended to protect those parties who have indicated to the moving party a clear intent to defend the suit."). We do not believe our supreme court in *Merrill* intended to permit such a result.

We thus hold that this action was sufficient to signify to the trial court defendant's intention to submit to its jurisdiction. *See Schaffer v. Martin*, 623 P.2d 77 (Colo. Ct.App.1980) (entry of appearance constituted appearance for purposes of notice requirement). Consequently, we conclude defendant was entitled to a three-day notice before the hearing on the state's application for default judgment.

▪ The state argues defendant was required to establish the existence of a meritorious defense to the action before the trial court could set aside the judgment. *See* R. 1–060(B). It makes this contention notwithstanding the clear holdings in *Conant* and *Mayfield* that default judgments

entered without the required notice must be set aside. We disagree with the state's argument. As the Tenth Circuit noted in *Wilver v. Fisher*, 387 F.2d 66, 69 (10th Cir.1967): "The question is not whether a meritorious defense existed but whether the default was properly entered. The failure to give the necessary notice requires that it be set aside."

▪ The state also argues that the default judgment was merely voidable, not void. *See Dallam County Bank v. Burnside*, 31 N.M. 537, 249 P. 109 (1926); *compare Rodriguez v. Conant* (default judgment obtained without required notice must be set aside as a matter of law). Consequently, the state urges us to decline jurisdiction because it maintains the execution on the judgment was proper.

Initially, we observe that there was apparently no contention in *Devlin* that the underlying judgment was void. Thus, we glean no requirement from *Devlin* that the underlying judgment must be void before we can apply the exception to the rule that execution on the res deprives a court of jurisdiction. Also, we see absolutely no utility in differentiating between "void" and "voidable" judgments to determine jurisdiction under the circumstances in this appeal, where the state obtained a default judgment without notice to defendant. It now argues that its "proper" execution on the judgment deprived us of jurisdiction. We are reluctant to condone the state's actions in this appeal by rewarding its failure to give defendant the required notice. Neither do we condone the state's apparent attempt to deprive this court of jurisdiction by its disposal of the res based on an improper execution on the judgment.

Relying on *Adams & McGahey v. Neill*, 58 N.M. 782, 276 P.2d 913 (1954), the state next argues that the default judgment need not be vacated because no matters remain at issue. In *Adams*, our supreme court held that the failure to give notice to an appearing party under Rule 1–055(B) before entry of default judgment, when matters stood at issue, constituted a violation of due process. *See also Daniels Ins. Agency, Inc. v. Jordan.*

The state notes defendant's failure to answer the complaint or to provide an affidavit of a meritorious defense as a basis for the default judgment not having to be set aside. We reject this contention. First, for these purposes, Rule 1–055(B) only requires an appearance. Second, even if defendant was not denied due process by the improper entry of default judgment, a violation of Rule 1–055(B) nevertheless occurred. Under such circumstances, the default judgment must be set aside as a matter of law. *Rodriguez v. Conant; Mayfield v. Sparton Southwest, Inc.* Besides, matters will hardly ever be at issue when a default judgment is entered because ordinarily, when such judgment has been applied for, no answer has been filed.

We hold that defendant was entitled to a three-day notice of the hearing on the state's application for default judgment. We thus conclude the trial court erred as a matter of law in failing to set aside the judgment. Additionally, we hold that the removal of the res from the court's control was improper under the facts of this appeal. On this basis, we conclude this court was not divested of jurisdiction by the removal of the res. *See United States v. One 1979 Rolls–Royce Corniche Convertible.*

Finally, we address a procedural issue concerning the calendaring system that has arisen with increasing frequency in numerous appeals. Our second calendar notice suggested that: (1) an improper removal of the res did not deprive the court of jurisdiction; and (2) the default judgment entered without the required notice was improper. The state responded to the calendar notice with a memorandum in opposition. *See* SCRA 1986, 12–210(E)(3). The memorandum in opposition focused on the "voidable" nature of the judgment, as well as defendant's alleged failure to have presented a meritorious defense. The appeal was later reassigned to the legal calendar and not summarily disposed of.

In his brief-in-chief, defendant contends the state's failure in its memorandum in opposition to address specifically our proposals in the calendar notice concerning our jurisdiction and the propriety of the default judgment resulted in the resolution of those issues in defendant's favor. Nonetheless, defendant briefly addressed the merits of those points in his brief-in-chief.

■ In appeals assigned to the summary calendar, the party opposing summary disposition must come forward and specifically point out errors in fact and in law in the calendar notice. *State v. Sisneros*, 98 N.M. 201, 647 P.2d 403 (1982); *see also State v. Martinez*, 97 N.M. 585, 642 P.2d 188 (Ct.App.1982) (where appellant did not oppose summary affirmance of issue, the issue was abandoned). Nevertheless, we believe there are sound reasons for allowing a party to brief issues on a nonsummary calendar that may have been deemed abandoned during the time an appeal was being considered under our summary calendar.

In responding to a summary calendar notice, a party need only convince this court that its proposed disposition is incorrect. This does not always necessitate responding to every issue. Additionally, there may be instances in which reversal is proposed as a disposition although affirmance may be proposed on other issues. A party may be willing to accept an affirmance on those issues contingent on a reversal of the case. If the same appeal eventually is reassigned to a nonsummary calendar, the contingency on which the party relied no longer exists. Under such circumstances, the party relying on the contingency should not be forced to accept a decision he was previously only willing to accept conditionally.

■ We thus hold that in cases reassigned from the summary to a nonsummary calendar, all issues properly raised during the summary calendaring process are revived and may be briefed. It follows that, in this appeal, the state was not precluded from briefing the issues noted above, even though those issues may have been deemed abandoned had this appeal remained on our summary calendar.

In conclusion, we hold that default judgment was improperly entered because of

the state's failure to give defendant the required notice. We conclude further that this court has jurisdiction to consider this appeal. The trial court's order denying defendant's motion to set aside the default judgment is reversed. We remand for entry of an order setting aside the default judgment and reinstating the case for a hearing on the merits.

IT IS SO ORDERED.

WE CONCUR:

MINZNER and CHAVEZ, JJ., concur.