25 F.3d 1055
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Dennis BIEHLE, also known as Richard W. Smith, Petitioner-Appellant,
v.
Derald KERBY, Respondent-Appellee.
 No. 93-2203.
 United States Court of Appeals, Tenth Circuit.
 April 19, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before BRORBY and EBEL, Circuit Judges, and KANE,** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioner appeals the district court's dismissal of his petition for writ of habeas corpus, filed pursuant to 28 U.S.C. 2254. Petitioner argues on appeal that he was denied effective assistance of counsel and the right to represent himself. In addition to the issues raised by petitioner, respondent maintains that petitioner's claim of ineffective assistance of counsel is procedurally barred.
 
 
 4
 Our review of the district court's factual findings is for clear error and we review its legal conclusions de novo. Hill v. Reynolds, 942 F.2d 1494, 1495 (10th Cir.1991). We affirm.
 
 Right to Self-Representation
 
 5
 A criminal defendant's right to represent himself at trial has both statutory and constitutional footing. Faretta v. California, 422 U.S. 806, 812-13, 819-20 (1975). Assertion of that right, and consequent waiver of the right to be represented by counsel, must be knowing and intelligent. Id. at 835. Further, "[a] defendant's waiver of his right to representation and his concomitant election to represent himself must be 'clearly and unequivocally' asserted." United States v. Treff, 924 F.2d 975, 978 (10th Cir.) (quoting United States v. Bennett, 539 F.2d 45, 50 (10th Cir.), cert. denied, 429 U.S. 925 (1976)), cert. denied, 111 S.Ct. 2272 (1991).
 
 
 6
 On the morning of his trial, petitioner filed a document titled "Request of Defendant" in which he asked that his counsel, Mr. Rainwater, be removed for various reasons, that another attorney be appointed to represent him, and that he be granted a continuance to accommodate trial preparation by a new attorney. After reviewing the document from the bench, the trial judge allowed petitioner to address the court regarding his request. Petitioner then verbalized some of his complaints about Mr. Rainwater in support of his general feeling that Mr. Rainwater could not or would not competently or adequately represent him. The prosecutor then addressed the court in defense of Mr. Rainwater's competence and preparation of the case. Mr. Rainwater also spoke to petitioner's request, indicating to the court that petitioner had told him he was going to ask that Rainwater be removed and get another attorney, and stating that he was amenable to withdrawal if that is what the court deemed proper. After hearing petitioner, the prosecutor, and Mr. Rainwater, the court denied petitioner's request to remove Mr. Rainwater and appoint another attorney. At that point, petitioner further commented to the court regarding his dissatisfaction with his attorney.
 
 
 7
 Following jury selection, petitioner again told the court that he did not want Mr. Rainwater as his counsel, stating:
 
 
 8
 Yes, your honor, I do not wish to have this counsel, I made it known on the record for numerous reasons, he knows it, he has also said that he would walk out. I ask that this be postponed until I have time to have my case prepared in a way I feel it should be, that I be given due process of law as such, if the court does not want to appoint another attorney, I will make arrangements to where I can defend myself. I have access to law books where I am in Santa Fe at this time. I will not sit and be a party to this your honor.
 
 
 9
 Appellant's Br. at 6 (quoting Tape # 2 of 10-30-84 trial). An exchange between petitioner and the trial judge followed wherein petitioner reiterated his desire not to have Mr. Rainwater as his counsel. The above-quoted excerpt contains the single reference in the entire proceeding to petitioner foregoing appointed counsel and representing himself.
 
 
 10
 We agree with the district court that there was no clear and unequivocal assertion by petitioner of his right to waive his right to counsel and represent himself. In fact, the only time petitioner even mentioned self-representation was in the context of arguing to the court that he wanted another attorney appointed. The document filed by petitioner with the court on the day of trial requested only removal of his present attorney and appointment of another; no mention was made of self-representation. The gravamen of the verbal exchange between petitioner and the trial judge before the trial began was the removal of Mr. Rainwater and appointment of another attorney.
 
 Ineffective Assistance of Counsel
 
 11
 Respondent contends that petitioner's ineffective assistance claim is procedurally barred. The New Mexico Court of Appeals declined to address petitioner's ineffective assistance of counsel claim and deemed it abandoned because petitioner failed to address the claim in his answer to the first calendaring notice issued under the summary calendar system. Respondent maintains that, because of the state court's refusal to address the claim as a matter of state procedural law, the claim is procedurally barred on appeal. We agree with the district court's conclusion that no procedural bar exists, and with its analysis in reaching that conclusion.
 
 
 12
 Procedural bar to habeas review of a claim can occur when a state court finds procedural default of a federal claim based on an adequate and independent state ground, absent a showing of cause and prejudice or a fundamental miscarriage of justice. Wainwright v. Sykes, 433 U.S. 72, 86-87 (1977). "[A] state procedural ground is not 'adequate' unless the procedural rule is 'strictly or regularly followed.' " Hathorn v. Lovorn, 457 U.S. 255, 262-63 (1982) (quoting Barr v. City of Columbia, 378 U.S. 146, 149 (1964)). New Mexico law provides for review of a claim concerning the denial of a fundamental constitutional right without preservation of error;[2] whether the defaulted claim is heard on appeal is a matter of discretion. Gutierrez v. Moriarty, 922 F.2d 1464, 1469 (10th Cir.) (applying New Mexico law), cert. denied, 112 S.Ct. 140 (1991); State v. Clark, 108 N.M. 288, 772 P.2d 322, 330-31, (N.M.) (review of a defaulted fundamental-right claim is discretionary), cert. denied, 493 U.S. 923 (1989). The fact that consideration of a defaulted claim is a matter committed to the court's discretion "argues against the conclusion that the courts apply the rule regularly and evenhandedly." Gutierrez, 922 F.2d at 1470.
 
 
 13
 New Mexico courts have specifically held that "there are sound reasons for allowing a party to brief issues on a nonsummary calendar that may have been deemed abandoned during the time an appeal was being considered under [the] summary calendar." State of N.M. ex rel. New Mexico State Police Dep't v. One 1984 Pontiac 6000, 111 N.M. 85, 801 P.2d 667, 671 (N.M. Ct.App.1990), aff'd, 111 N.M. 746, 809 P.2d 1274 (N.M.1991); see State v. Gonzales, 111 N.M. 590, 808 P.2d 40, 43 (N.M. Ct.App.), cert. denied, 111 N.M. 416, 806 P.2d 65 (1991). We hold that no procedural bar to petitioner's ineffective assistance of counsel claim exists because the state procedural ground relied upon by the state court is not regularly and evenhandedly applied and is, therefore, inadequate. We now turn to the merits of petitioner's claim.
 
 
 14
 To prevail on an ineffective assistance of counsel claim, petitioner must show both that Mr. Rainwater's performance fell below an objective standard of reasonableness and that his deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687-88, 692 (1984). To show prejudice, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. We have listened to the taped state court trial proceedings and, without even reaching the question of the objective reasonableness of Mr. Rainwater's performance, we hold that petitioner has not shown the necessary prejudice.
 
 
 15
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [2]
 Effective assistance of counsel is a fundamental right in New Mexico. State v. Luna, 92 N.M. 680, 594 P.2d 340, 345 (N.M. Ct.App.1979)