This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38266**

**VILLA ALEGRE APARTMENTS,**

Plaintiff-Appellee,

v.

**LONNICA MONTOYA and**
**ALL OTHER OCCUPANTS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Francis J. Mathew, District Judge**

Vance, Chavez & Associates
Claud Eugene Vance
Albuquerque, NM

for Appellee

Lonnica Montoya
Santa Fe, NM

Pro Se Appellant

## MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Defendant Lonnica Montoya, seeks to appeal following the entry of findings of fact, conclusions of law, and a judgment granting possession of certain rental property to Plaintiff, and awarding damages in an amount to be determined. We previously issued a notice of proposed summary disposition in which we proposed to dismiss in light of jurisdictional concerns. Defendant has filed a response, which we will treat as a memorandum in opposition. *See* Rule 12-210(D)(2) NMRA (providing that parties may respond to proposed summary dispositions by filing memoranda in support or

opposition). After due consideration, we remain unpersuaded that the appeal is properly before us. We therefore dismiss.

**{2}** The relevant background information and principles of law were set forth in the notice of proposed summary disposition. The memorandum in opposition does not address our concerns about finality and/or mootness. We therefore adhere to our initial assessment of these matters. *See State ex rel. N.M. State Police Dep't v. One 1984 Pontiac 6000*, 1990-NMCA-085, ¶ 19, 111 N.M. 85, 801 P.2d 667 ("In appeals assigned to the summary calendar, the party opposing summary disposition must come forward and specifically point out errors in fact and in law in the calendar notice."); *see also Frick v. Veazey*, 1993-NMCA-119, ¶ 2, 116 N.M. 246, 861 P.2d 287 (explaining that failure to respond to a calendar notice constitutes acceptance of the proposed summary disposition).

**{3}** We understand Defendant to suggest that this Court should stay the appeal pending the resolution of a separate investigation of some kind. [MIO 1] However, the issuance of a stay would imply that the appeal is properly before us; and for the reasons previously stated, we conclude that it is not. In any event, given the uncertainty of the situation, as well as the apparent distinctness of the investigation from the underlying proceedings, we perceive no basis for the issuance of a stay. *Cf. Poorbaugh v. Mullen*, 1982-NMCA-141, ¶ 17, 99 N.M. 11, 653 P.2d 511 ("Matters not of record are not before the reviewing court on appeal.").

**{4}** Finally, Defendant alludes to a request for a new trial. [MIO 1] However, we find no motion for new trial in the record, and such a motion cannot be brought in the first instance on appeal. *See State v. Trujillo*, 1950-NMSC-056, ¶ 20, 54 N.M. 307, 224 P.2d 151 (explaining that the appellate courts do not entertain motions for new trial in the first instance).

**{5}** Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we dismiss.

**{6}** **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**BRIANA H. ZAMORA, Judge**